State of Missouri v. Lunn.

STATE OF MISSOURI, Respondent, *v.* ELLEN LUNN, Appellant.

1. *Crimes and punishments — Disturbance of peace — Threats — Construction of statute.*— The act of 1870, touching disturbance of the peace (Sess. Acts 1870, p. 45), in general applies to cases where complainant was on his own premises, or in some public place where he had a right to be. It is not designed to punish one for use of violent language and threats which could not result in bodily harm, where the language was used toward an intruder who had before threatened personal injury.

*Appeal from St. Louis Court of Criminal Correction.*

*M. W. Hogan,* for respondent.

*T. G. C. Davis,* for appellant.

BLISS, Judge, delivered the opinion of the court.

Defendant was prosecuted for disturbing the peace of one Hannah Scanlin, under the statute against disturbing the peace as amended in 1870 (Sess. Acts 1870, p. 46, § 27; Wagn. Stat. 496), and fined. Upon appeal she assigned for error that the conduct attributed to her was not a disturbance of the peace.

The evidence shows that the prosecuting witness had occupied a portion of defendant's house as tenant, and came back some week or two after she had moved out, on pretense of looking for a sawbuck. The accused ordered her to leave the yard, and used opprobrious language, though the witnesses differ as to the precise words. She, however, called her a drunken slut, or a drunken woman, and threatened, if she did not leave, to throw a bucket of

water upon her. Defendant offered to prove, but was not permitted to do so, that the witness had been upon the premises a few days previous in a state of intoxication, with an iron rod, threatening violence, and there is evidence which renders it probable that her ostensible object in coming upon the premises was a pretense.

We think the accused should have been permitted to offer the evidence; not that it would have justified a breach of the peace, but it would have explained the motive of defendant's action, and shown that she had reason to fear that witness came upon the premises for an unlawful purpose; that she herself was not in the peace, and that her own peace was not disturbed.

As applied to disturbing the peace of a person, this is a new statute, and ordinarily would imply that the person whose peace was disturbed was upon his own premises, or in some public place, or where he had a right to be. The life and limbs of a trespasser or law-breaker are under the protection of the law, but this statute could hardly be construed as punishing one as a disturber of his peace who should use rather strong language toward an intruder who had before threatened personal injury, even though, in order to drive him away, such violence was threatened as could result in no bodily harm.

Treating the evidence ruled out as though it were in the record, it does not present a case that comes within the statute, although the language was grossly improper, and under other circumstances would have been a disturbance of the peace under this statute.

The other judges concurring, the judgment will be reversed.