THE STATE OF MISSOURI, Respondent, v. WILLIAM BRUMLEY, Appellant.

St. Louis Court of Appeals, February 14, 1893.

1. **Justices' Courts:** WRONGFUL REFUSAL TO GRANT CHANGE OF VENUE: EFFECT AND REMEDY. A proper application in a justice's

court for a change of venue does not terminate the justice's jurisdiction. If it is denied, the only remedy of the applicant is a proceeding by *mandamus* to compel the justice to grant it.

2. **Criminal Law**: INFORMATION. An information for a disturbance of the peace is sufficient, if it follows the language of the statute.

3. ————: DISTURBANCE OF THE PEACE. One who uses violent language, though on his own premises, may be guilty of a disturbance of the peace, if the person to whom it is addressed is rightfully there; but not so, if such language is used by one on his own premises towards an intruder.

4. ————: INSTRUCTIONS, CONFLICT IN. Error in one instruction is not cured by the giving of another which is correct, if the two are not reconcilable with each other. *Held*, accordingly, that an instruction authorizing a conviction upon an insufficient hypothesis was not rectified by the giving of a proper instruction upon the same subject.

*Appeal from the Greene County Criminal Court.*—HON. M. OLIVER, Judge.

REVERSED AND REMANDED.

*Almus Harrington* and *Henry C. Young*, for appellant.

(1) The information is fatally defective in this, that it is not sufficiently specific to inform the defendant of the nature and cause of the accusation against him. *State v. Fare*, 39 Mo. App. 110; *State v. Hayward*, 83 Mo. 299; *State v. Clevenger*, 20 Mo. App. 626; *State v. Schlottman*, 52 Mo. 164. (2) The cause should have been dismissed. The filing of defendant's affidavit for change of venue divested the jurisdiction of the justice. *Herryford v. Ins. Co.*, 42 Mo. 198; *Berry v. Railroad*, 64 Mo. 533; *Staney v. Railroad*, 62 Mo. 508; *Kauhmser v. Martin*, 15 How. 198; *Ins. Co. v. Dunn*, 19 Wall. 222; *Colvin v. Six*, 79 Mo. 198; Revised Statutes, 1889, p. 4344. The affidavit was sufficient. *Dowling v. Allen*, 88 Mo. 300. (3) If the prosecuting witness and her family were trespassing upon defendant's premises, they were not in the peace

of the state and the defendant should have been acquitted. The court, therefore, erred in giving instruction number 1 for the state, and in refusing to give defendant's fourth instruction. *State v. Lunn*, 49 Mo. 90. There is no evidence that the peace of the family was disturbed. The information was not sustained by proof that the peace of the individual, Celina. Schoner, was disturbed. *State v. Fogerson*, 29 Mo. 416; *City v. Mayes*, 58 Mo. 89; *State v. Schlottman*, 52 Mo. 164; *State v. Fare*, 39 Mo. App. 110.

*John H. Duncan*, Prosecuting Attorney, for respondent.

ROMBAUER, P. J.—The defendant was convicted of the offense of disturbing the peace of a family, and fined $1. He assigns for errors on this appeal that the court erred in the following particulars: *First*. In not dismissing the cause for want of jurisdiction. *Second*. In not quashing the information for insufficiency. *Third*. In misdirecting the jury in its instructions. *Fourth*. In not vacating the verdict as unsupported by evidence. We shall dispose of these assignments in the order presented.

I.   The information was filed before a justice of the peace. The defendant before trial filed his affidavit in due form for a change of venue. This affidavit was overruled by the justice, who, thereupon, entered a plea of not guilty for the defendant, tried the case and made judgment against him. The defendant claims that, after the filing of his affidavit for a change of venue, the justice lost jurisdiction, and that all subsequent proceedings before him were *coram non judice*.

The statute both in civil and criminal cases provides that, after the filing of an affidavit for a change of venue in due time and form, the justice *must* grant

the change. Revised Statutes, 1889, secs. 4343, 6240. But, notwithstanding the imperative language of the statute, it has been held that a judgment rendered by the justice after the filing of the affidavit is not a nullity, and not subject to collateral attack, because it is not the filing of the affidavit but the order changing the venue which divests his jurisdiction. *Colvin v. Six*, 79 Mo. 198; s. c., 80 Mo. 62. It necessarily results from this that the circuit court could not dismiss the case for want of jurisdiction in the justice. The only remedy of the party aggrieved in such cases is to compel the justice by *mandamus* to grant the change of venue. *State ex rel. v. Clayton*, 34 Mo. App. 563. After the cause has reached the criminal court by appeal, it is the duty of that court to retry the cause regardless of any errors or irregularities in the justice's court. The motion to dismiss was properly overruled.

II. The information, omitting formal parts, is as follows: "Comes J. H. Duncan, assistant prosecuting attorney, within and for the county of Greene, state of Missouri, under his oath of office informs the court that one William Brumley, on or about the thirty-first day of March, 1891, at the said county of Greene, state of Missouri, did then and there unlawfully and wilfully disturb the peace of the family of Celina Schoner, and did then and there use loud, offensive and indecent conversation, and by quarreling and threatening, and drawing a stick to strike and fight. And against the peace and dignity of the state."

This information is almost in the identical words as the one in *State v. Parker*, 39 Mo. App. 116, 118, which was adjudged sufficient. This disposes of the defendant's second complaint.

III. The evidence at the trial tended to show the following facts: The defendant and Celina Schoner,

who is named in the information, occupied adjoining lots. There was a well on defendant's lot, from which the Schoner family drew its supply of water. The evidence was conflicting whether they had any legal right so to do. Mrs. Schoner asserted the right, and defendant denied it. At the date of the offense complained of, a controversy arose at the well between one of defendant's children and one of Mrs. Schoner's children, whereupon both the defendant and Mrs. Schoner repaired to the well, and indulged in violent language and demonstrations towards each other in presence of part of the family of Celina Schoner.

We think this evidence was sufficient to submit the case to the jury whether or not on the date charged the defendant did disturb the peace of the family of Celina Schoner. *State v. Slater*, 22 Mo. 464. But the first and second instructions given by the court on behalf of the state were clearly erroneous, as they warranted the jury to find the defendant guilty if he used offensive and indecent language to Celina Schoner, regardless of the question whether she was lawfully on his premises or not, and regardless of the question whether by the use of such language he disturbed her peace or the peace of her family or not.

"As applied to disturbing the peace of a person," says Judge BLISS, in *State v. Lunn*, 49 Mo. 90, "this is a new statute, and ordinarily would imply that the person whose peace was disturbed was upon his own premises, or in some public place, or where he had a right to be. The life and limbs of a trespasser or lawbreaker are under the protection of the law, but this statute could hardly be construed as punishing one as a disturber of his (*sic*) peace who should use rather strong language toward an intruder."

This error was not cured by the third instruction given on behalf of the state, nor by the instructions

given on behalf of the defendant. An irreconcilable contradiction between two instructions, so far from correcting the evils in either, multiplies them in both. *State to use v. Nauert,* 2 Mo. App. 295, 298. Before the error in one instruction can be cured by another, the entire charge must be consistent, and the qualification of an incomplete instruction by another must distinctly appear. *McNichols v. Nelson,* 45 Mo. App. 446, 454.

Here the first instruction warrants the jury in finding the defendant guilty, even though Celina Schoner was not within the definition in *State v. Lunn,* *supra,* in the peace of the state. To tell the jury in another instruction that they cannot find him guilty unless she was within the peace, cannot cure the error, because the instructions are irreconcilable, and we have no means of determining by which of them the jury were guided. *State v. Clevenger,* 25 Mo. App. 653; *State v. Herrell,* 97 Mo. 105, 110.

The judgment must be reversed for error in the instructions, and the cause remanded for new trial. So ordered. All the judges concur.