STATE OF MISSOURI, Respondent, v. JOHN WEBB, Appellant.

**Kansas City Court of Appeals, April 29, 1912.**

1. **CRIMES AND PUNISHMENTS: Disturbance of Peace: Instructions.** Defendant was convicted of disturbing the peace of several persons who were at the time engaged in erecting a hitch rack near a church on land claimed by defendant. The latter ordered the others to leave, using abusing language, drew his knife and shoved one of them from the disputed territory. It was not shown which of the disputants was the owner of the disputed territory. The instructions for the state required the jury to find that there was no dispute about the ownership of the ground. *Held*, that the instructions were erroneous, as it was admitted that the ground was in dispute.

2. ————: ————: **Abusive Language.** One who uses violent language, though on his own premises, may be guilty of a disturbance of the peace, if the person to whom it is addressed is rightfully there, but not so, if such language is used by one on his own premises towards an intruder.

Appeal from Carroll Circuit Court.—*Hon. Francis H. Trimble*, Judge.

REVERSED AND REMANDED.

*Guy Whiteman* and *Jones & Conkling* for appellant.

*John S. Crawford* and *Frank E. Atwood* for respondent.

BROADDUS, P. J.—The defendant, John Webb, was tried and convicted on information of the prose-

cuting attorney of Carroll county for disturbing the peace of W. T. Winkler, T. Buckner, Isaac Hoddle and William Eildon, and punished by a fine of $150. He appealed from the judgment. The persons whose peace he is charged with having disturbed are the trustees of the Gilead Baptist Church.

The facts developed were that the defendant owned the land adjoining the property of the church and that there was a dispute between the defendant and the church as the line separating their different lands. On the occasion of the alleged offense the said persons had gone to the church for the purpose of erecting a hitch rack. They had begun work upon the disputed territory when the defendant discovered them. He went to where they were working and forbade them erecting the hitch rack, and said to them that he was not going to have his land "fenced up this way," and ordered them to leave. An argument resulted over the matter, during which defendant used very abusive language towards Winkler, drew his knife, and shoved him from the disputed territory. The year before the trouble the defendant had plowed the land in dispute. This land had been mowed and kept in condition the same as the other parts of the church property for many years previous.

It is claimed that the court committed prejudicial error in giving and refusing certain instructions. Instruction 2 given for the state, it is insisted, permitted the jury to find the defendant guilty regardless of the question whether there was a dispute as to the right of possession of the disputed territory. Taken by itself this is true, but when read in connection with instructions 3 and 3 1-2, all of which should be read together, that question is included. Instruction 3 is to the effect that if there was merely a dispute between the parties as to the true line between the two properties, the defendant had the right to protest against the action of the other parties in putting up the hitch rack

and to order them off the ground, but, if in so doing he committed a breach of the peace, as defined in instruction 2, the jury would find him guilty without regard as to where the true line might be.

Number 3 1-2 is as follows: "On the other hand, if you believe from the evidence that the ground was not in dispute, but that it was known to belong to defendant Webb by the parties erecting the hitch rack then defendant had the right to order them off and to eject them therefrom, provided, he used no more force or stronger or more positive language than was reasonably necessary to accomplish such purpose." Reading all these instructions given for the state together, we do not think they embody the law of the case. Instruction 3 1-2 in the first place is not based upon the evidence. In fact it is based upon a condition that is shown not to have existed. The jury could not have found that the ground was not in dispute for it was admitted by all the parties that it was. Under the instruction the defendant could have no defense, because the jury was required to find there was no dispute about the ownership of the ground in the face of the admission that there was. It required defendant to show what was untrue for his defense.

The law of the case is found in State v. Brumley, 53 Mo. App. 126. Judge ROMBAUER, who delivered the opinion of the court, held that: "One who uses violent language, though on his own premises may be guilty of a disturbance of the peace, if the person to whom it is addressed is rightfully there; but not so, if such language is used by one on his own premises towards an intruder." In this case it was not shown which of the disputants, the church or the defendant, was the owner of the disputed territory. The evidence only went to the question of possession. At the time in question, if the church was in possession, the defendant had no right to eject the parties and commit a breach of the peace in so doing. On the other hand, if the

defendant was in possession, the other parties were intruders and defendant had a right to eject them; provided, he did.not, in so doing, resort to unnecessary violence. The owner of land not in the actual possession, will not be justified in committing a breach of the peace in order to eject an intruder in such actual possession. We must resort to his remedy for unlawful detainer, or forcible entry and detainer. This is the well settled law of this state. It was a question for the jury to say who was in possession of the ground in dispute at the time of the alleged offense.

The defendant's theory of the case as embodied in his instructions which he tendered to the court, and which the court refused, are based upon the fallacy that the defendant was the owner and in possession of the disputed territory. There was no evidence as to his ownership and it was conflicting as to who was in the actual possession, the evidence in that respect preponderating in favor of the church trustees.

For the error noted the cause is reversed and remanded. All concur.