# THE STATE ex rel. GUY W. CARON et al. v. E. M. DEARING, Judge of Circuit Court.

In Banc, December 30, 1921.

1. **MOTION FOR JUDGMENT ON PLEADINGS**: Admission.   In prohibition, a motion filed by relator for judgment on the pleadings admits such facts in the return as are well pleaded.

2. **INJUNCTION**: Granted Without Bond.   On petition for writ of prohibition against a circuit judge who has granted a temporary injunction in the name of the State on the application of the prosecuting attorney, no bond being or could be required, the Supreme Court will closely scrutinize the proceedings and prohibit them if a legal wrong is about to be committed for which there is no adequate remedy by appeal or otherwise.

3. ———: ———: Notice: Arbitrary Act.   There is no statutory requirement of notice to the adverse party as a prerequisite to the granting of temporary restraining orders and injunctions, except in proceedings to stay suits and judgments; but notice is necessary to the granting of a temporary injunction, except in extreme cases; and, although the injunction is brought by the prosecuting attorney, in the name of the State, to suppress a public nuisance, if no notice or bond is given, and the other facts show an arbitrary and excessive use of the court's jurisdiction, further proceedings therein will be prohibited.

4. ———: Excessive Jurisdiction: Prohibition.   To grant a temporary injunction, on the petition of the prosecuting attorney to suppress a public nuisance, without bond and without notice to defendant, when the record facts show there is no such emergency as requires a summary determination of defendant's rights without a hearing or an opportunity for a hearing, and under such circumstances as indicate it is arbitrarily granted without notice for the purpose of preventing a change of venue if notice were given, is in excess of the court's jurisdiction, and an abuse of its discretion, such as will be prohibited by writ of prohibition.

5. ———: Granted Without Bond or Notice: Public Nuisance: Arbitrary Act to Prevent Change of Venue: Excess of Court's Jurisdiction.   Defendants were engaged in feeding a large number of hogs with garbage shipped, over a railroad, under contract with the city of St. Louis, to a point in an adjoining county in respondent's judicial circuit.   Garbage consists of bread, peelings,

State ex rel. Caron v. Dearing.

dead animals and other soured and decayed vegetable matter, and in hot months decays and becomes putrid and will spread disease, and it had caused offensive and injurious odors at the hog ranch and in the neighborhood thereof, tending to cause disease and pestilence, and otherwise injuriously affected the general welfare of the people, especially of those living in the neighborhood, many of whom own their homes. On August 30th the prosecuting attorney filed a petition for injunction to prevent the railroad company from shipping garbage to said point and the other defendants from unloading and feeding same to their hogs, alleging that said acts constituted a public nuisance, affecting the comfort, health and well-being of the public residing in and passing through said neighborhood. Notice was given defendants that said petition would be presented to the respondent circuit judge on September 1st, and a temporary injunction asked at that time. The defendants appeared on said date, and presented an application in proper form for a change of venue, based on the alleged bias and prejudice of respondent against them. Thereupon respondent permitted the prosecuting attorney to dismiss the case; he had previously charged the grand jury in respect to the hog feeding operations, with instructions to return an indictment if they found the law had been violated; the grand jury found no indictment. On September 6th, on the last day of the August term, the prosecuting attorney filed a new suit similar in all respects to the one previously filed and dismissed; said second suit was filed without previous notice to the defendants; respondent granted a temporary injunction, effective immediately, restraining the railroad company from receiving garbage for shipment to such point, and the other defendants (the relators) from unloading and feeding same to their hogs, then several thousand in number; and thereupon respondent adjourned the court in course, or until October 1st, without giving relators notice that such temporary injunction had issued, or an opportunity for immediate hearing on any motion to dissolve said injunction. *Held*, first, that it is not necessary to consider respondent's bias or prejudice against relators, but it is enough that he knew they had filed an application for a change of venue making such charge, before the first suit was dismissed, and if given an opportunity they would likely do so in the second, and his unexpected action in the second without notice doubtless prevented such application; *second*, since relators had been conducting their business for eight months and the full height of the heated season had been reached before any injunction was filed, and when filed respondent exercised his discretion in favor of giving a notice, a justified conclusion is that sufficient notice of the application in the second case would not have unduly jeopardised the interests of the public;

- *third,* the conclusion is irresistible that the proceedings on the second application, without notice, amounted to snap judgment against defendants, were arbitrary and wrongful, were not had in the exercise of respondent's sound discretion, and were an excessive exercise of his usual and rightful jurisdiction; and, *fourth,* as relators have no adequate remedy by appeal or otherwise, except by writ of prohibition, the temporary rule is made absolute, and the respondent is required to set aside the order granting a temporary injunction and not to proceed further in said case until defendants are duly served with notice or enter their appearance therein.

## Prohibition.

WRIT GRANTED.

*Atkinson, Rombauer & Hill* for relators.

(1) Under all the facts and circumstances in this case, there was no crying need for injunctive relief without previous notice or a hearing and the relators, having no adequate remedy by appeal or otherwise, were and are entitled to a writ of prohibition. Sec. 10, Art. 2, Mo. Constitution; Sec. 2057, R. S. 1919; State ex rel. v. Fort, 210 Mo. 525; State ex rel. v. Reynolds, 275 Mo. 126; State ex rel. v. Wurdeman, 232 S. W. 1002; State ex rel. v. McQuillin, 256 Mo. 707; State ex rel. v. McQuillin, 262 Mo. 256; Tuttle v. Blow, 176 Mo. 171; State ex rel. v. Woodside, 254 Mo. 592; State ex rel. v. Dearing, 184 Mo. 659; State ex rel. v. Wear, 135 Mo. 230; State ex rel. v. Sale, 188 Mo. 496; State ex rel. v. Burney, 193 Mo. App. 336; State ex rel. v. Lamb, 237 Mo. 455; State ex rel. v. Elkin, 130 Mo. 109; State ex rel. v. Slate, 214 S. W. 85; State ex rel. v. Oliver, 163 Mo. 696; State ex rel. v. Hirzel, 137 Mo. 447; State ex rel. v. Eby, 170 Mo. 526; State ex rel. v. Pratt, 183 Mo. App. 209; State ex rel. v. Foster, 187 Mo. 613; State ex rel. v. Bradley, 193 Mo. 33; State ex rel. v. Fort, 178 Mo. 518. (2) Relators have filed a motion for judgment on the pleadings as in case Snyder v. Free, 114 Mo. 367.

*James Booth* for respondent.

- (1) Respondent had jurisdiction over the subject-matter of the action commenced before him by the prosecuting attorney; and as he did not exceed that jurisdiction, his actions cannot be controlled by the extraordinary writ of prohibition. State ex rel. v. Shelton, 238 Mo. 281; State ex rel. v. Foster, 225 Mo. 205; State ex rel. v. McQuillin, 260 Mo. 176; State ex rel. v. McQuillin, 256 Mo. 704; State ex rel. v. Reynolds, 275 Mo. 113; State ex rel. v. Lamb, 237 Mo. 437; State ex rel. v. Woodside, 254 Mo. 580; State ex rel. v. Scarritt, 128 Mo. 331; State ex rel. v. Riley, 127 Mo. App. 476; State ex rel. v. Lewis, 76 Mo. 370; State ex rel. v. St. Louis Court of Appeals, 99 Mo. 216; State ex rel. v. Cockrell, 280 Mo. 289. (2) In this case, respondent was by statute expressly given jurisdiction over the subject-matter of the action. Sec. 1947, R. S. 1919. (3) There is no law in Missouri requiring the giving of notice before granting a temporary restraining order, except where proceedings are sought to be stayed. Sec. 1952, R. S. 1919. (4) In this proceeding in prohibition, respondent was the sole judge as to whether or not the petition filed by the prosecuting attorney stated a cause of action, and the sole judge as to whether or not the allegations of that petition evidenced or constituted such an emergency as to justify respondent in granting the temporary restraining order complained of, without notice; and his action cannot be controlled by the writ of prohibition. State ex rel. v. McQuillin, 260 Mo. 176; State ex rel. v. McQuillin, 256 Mo. 704; R. S. 1919, sec. 1950. (5) Relators' petition for the provisional or preliminary writ failing to show want or lack of jurisdiction by respondent, the final writ should be denied as a matter of course. (6) Relators, in their petition for the preliminary writ, having admitted all of the material and substantial allegations in the action instituted by the prosecuting attorney, and having admitted the maintenance of the public nuisance as

charged by the prosecuting attorney in his petition, the temporary restraining order should have been granted as a matter of course without notice. State ex rel. v. Lamb, 237 Mo. 437. (7)   Relators, by their motion for judgment on the pleadings, admit all facts well pleaded in the return of respondent, and the disputed facts are to be determined solely from the return and not from the allegations of relators' petition for the preliminary writ. State ex rel. v. McQuillin, 262 Mo. 260.

DAVID E. BLAIR, J.—This is an original proceeding in prohibition against respondent as judge of the Washington County Circuit Court to prevent the enforcement of a temporary injunction granted by him against relators and Missouri Pacific Railroad Company.   On filing and examination of relators' petition our preliminary rule issued.   Respondent has filed return thereto, and relators have filed their motion for judgment on the pleadings, thereby admitting such facts in the return as are well pleaded.

Relators are doing business at Summit, in Washington County, as Summit Live Stock Company, and are engaged in feeding a large number of hogs with garbage shipped to Summit over the Missouri Pacific Railroad from the city of St. Louis under a contract with said city. The average shipments of garbage amount to three hundred tons daily.   Relators have a large investment in said hogs.   Unless said garbage is promptly removed from said city the health of the inhabitants will be endangered. During the hot months garbage decays and becomes putrid and will spread disease.   Relators are under bond to said city to perform their contract.   Said garbage consisted of bread, peelings, dead animals, glass, tin cans and other soured and decaying vegetables and animal matter.   Said garbage caused offensive and injurious odors at relators' hog ranch and in the neighborhood thereof, tending to cause disease and pestilence and otherwise injuriously affected the general welfare of the people of the State, especially those living in the neighbor-

hood of said hog ranch, many of whom own their homes. In other words, under the admitted facts the unloading and feeding of said garbage constitute a public nuisance. Relators contend and respondent denies that the place where said garbage is received and fed to hogs is in a very sparsely settled district and at a place where same is not harmful to any person and does not injure any of the inhabitants of Washington County. The fact, admitted by relators' motion for judgment, is that "many families consisting of men, women and children live and own their homes" in the vicinity of said hog ranch.

Respondent is judge of the Circuit Court of Washington County. On August 30, 1921, the prosecuting attorney of said county filed in said court his verified petition in the name of the State of Missouri, at his relation, alleging the facts above set out and praying injunctive relief. Notice was served on defendants that a hearing would be held on the petition before respondent on September 1, 1921, and on that date relators appeared and filed a general denial and an application for change of venue. Relators claim that respondent then announced that he would grant a temporary injunction against the defendants named in said petition before sustaining the application for change of venue if he found he had the power to do so. This is not admitted by respondent and is not taken as a fact. Respondent admits that he stated that notice had been given as a matter of courtesy, but in his judgment he had the right to grant a temporary injunction without notice. The prosecuting attorney thereupon dismissed the case without objection from relators.

On September 6, 1921, the same being the last day of the August Term, 1921, of said circuit court, said prosecuting attorney filed a new petition, substantially similar in all respects to the petition filed in the first suit, praying for an injunction restraining defendants from shipping said garbage to Summit and there unloading and feeding same to relators' hogs. On the same day and without

notice to defendants of the pendency of the suit, respond-
ent granted a temporary injunction as prayed. No in-
junction bond was or could be required of plaintiff. On
the same day and after granting such temporary injunc-
tion, respondent adjourned his court to court in course,
which convened October 1, 1921.

Relators contend that respondent indicated on the
occasion of the hearing on the first suit that he had pre-
judged the case and in fact stated that if there was any
way he could stop defendants he intended to do so. They
also contend "that respondent has developed and mani-
fested a strong ill will" toward them and that he "does
not possess the unbiased frame of mind essential to a
fair and impartial conduct of the trial of the issues in-
volved in the case." These contentions are denied by
respondent.

Upon learning that said temporary injunction had
been granted, relators sought and obtained issuance of
our preliminary rule in prohibition, charging in their
petition that the acts of respondent were arbitrary, un-
just and an unreasonable exercise and gross abuse of the
powers vested in him by virtue of his office. If further
facts appear necessary to a proper understanding of the
case, they will be hereafter referred to.

Relators contend that under the circumstances above
detailed respondent exceeded his jurisdiction when he
granted the temporary injunction, without notice, to
them, and immediately adjourned his court until Octo-
ber 1, 1921. On the other hand, respondent contends
that no notice was required, or if required the case was
one of such emergency as to authorize the granting of
the temporary injunction upon the allegations of the
petition of the prosecuting attorney without notice to
defendants named therein.

Respondent's jurisdiction in vacation and that of
his court in term are clearly provided for in Section 1947,
Revised Statutes 1909. If our preliminary rule be made
absolute, it must be on the ground that respondent ex-
ceeded his jurisdiction. Citation of authorities to sus-

tain our right by prohibition to prevent inferior judicial tribunals from doing acts in excess of their respective appropriate jurisdiction is scarcely necessary at this late day, and we content ourselves by referring only to St. Louis Railroad Co. v. Wear, 135 Mo. 230, on that point.

Of course prohibition may not be employed to fill the office of an appeal. Where a timely and adequate remedy is afforded by appeal, prohibition will be denied. [State ex rel. Thrash v. Lamb, 237 Mo. 437, l. c. 455; State ex rel. Mueller v. Wurdeman, 232 S. W. 1002.]

There is no statutory requirement in this State of notice to the adverse party as a prerequisite to the granting of temporary restraining orders and injunctions, except in proceedings to stay suits or judgments (Sec. 1952, R. S. 1919), and such was not the relief sought by plaintiff in the proceeding pending before respondent on September 6, 1921. We must therefore look to the adjudicated cases to determine whether such notice is required. We have been cited by relators to no cases where the granting of a temporary injunction has been stayed or prevented by our writ of prohibition as an excess of jurisdiction; but in a number of cases this court has announced the rule that notice should be required before the granting of such injunction, unless there exists a crying need for immediate action by injunction, and that the granting of injunctions in cases where notice is required amounted to an excessive exercise of jurisdiction. [Tuttle v. Blow, 176 Mo. 158, l. c. 171, 172; State ex rel. Wurdeman v. Reynolds, 275 Mo. 113, l. c. 126; State ex rel. McMillan v. Woodside, 254 Mo. 580, l. c. 591, 592.] The general rule is stated in 22 Cyc. at page 919, as follows:

"If it is made to appear to the satisfaction of the court that an irreparable injury will probably occur if a restraining order is delayed until notice of the application can be given, the order will usually be granted ex parte to remain in force until a preliminary hearing can be had. This power should be exercised with cau-

tion, the granting of such an order resting in the sound discretion of the court. Whether a temporary injunction should be granted in a particular case without notice depends on the special facts of that case. The complainant must make out a very clear case as to the propriety of such an *ex parte* remedy.''

Our statute authorizing the appointment of receivers does not specifically require notice before making such appointment. [See Secs. 1449 to 1451, R. S. 1919.] However, this court has employed prohibition to prevent the appointment of receivers without notice where it appeared there was no emergency calling for such appointment without notice. [State ex rel. v. Dearing, 184 Mo. 647; St. Louis, v. Railroad Co., 135 Mo. 230.] And in some cases it has been pointed out that the granting of injunctions and the appointment of receivers are analogous proceedings, and that notice is necessary in both proceedings, except in extreme cases. [State ex rel. Fenn v. McQuillin, 256 Mo. 693, l. c. 707; State ex rel. v. Dearing, 184 Mo. 647, l. c. 660; Rees v. Andrews, 169 Mo. 177, l. c. 189.]

On petition for prohibition in cases where temporary injunctions are granted without bond in the name of the State, we should closely scrutinize the proceedings complained of and prohibit such proceedings if a legal wrong is about to be committed for which there is no adequate remedy by appeal or otherwise. [State ex rel. v. Lamb, 237 Mo. l. c. 455.]

Giving attention now to the applicability of these general rules to the particular facts in the case at bar, we find that on August 30, 1921, the prosecuting attorney of Washington County filed a petition for injunction (similar to the one filed September 6, 1921) to prevent the Missouri Pacific Railroad Company and relators from shipping garbage to the station of Summit and to prevent relators from unloading and feeding same to their hogs, because such operations constituted a public nuisance affecting the comfort, health and well-being of the public residing in and passing through the neigh-

291 Mo.—12

borhood; that notice was given defendants therein that said petition would be presented to respondent on September 1, 1921, and a temporary injunction asked at that time; that an application for a change of venue in proper form and based upon the alleged bias and prejudice of respondent against relators was thereupon presented by relators to respondent; that he permitted the prosecuting attorney to dismiss the case (whether such dismissal of the suit was consented to by defendants is wholly immaterial); that respondent had previously charged the grand jury in respect to the hog feeding operations of relators with instructions to return an indictment if they found the law had been violated; that said grand jury found no such indictment; that on September 6, 1921, on the last day of the August Term, 1921, of said Washington Circuit Court, the prosecuting attorney filed a new suit similar in all respects to the one previously filed on August 30, 1921, and dismissed on September 1, 1921; that on the day such second suit was filed and without previous notice to the railroad company or to relators, respondent granted a temporary injunction (without bond), effective immediately, restraining said railroad company from receiving garbage for shipment to Summit and relators from unloading and feeding same to their hogs, then several thousand in number; that respondent adjourned the Washington Circuit Court on that day to court in course, or until October 1, 1921, without giving relators notice that such temporary injunction had issued or any opportunity for immediate hearing on any motion to dissolve such temporary injunction, if they desired to file same.

To our minds these facts show an arbitrary and excessive use of respondent's jurisdiction. It is not necessary for us to consider the question of respondent's alleged bias and prejudice against relators. It is enough that he knew they had filed an application for change of venue making such an allegation and that, given an opportunity, they would likely do so again. No doubt only respondent's unexpected action in the premises

without notice prevented such application in the second case.

It is not proper for us to express any opinion as to the merits of the injunction suit. Respondent may well have felt that the public was endangered by the shipping from St. Louis of large quantities of garbage, consisting of putrid and decaying animal and vegetable matter and dumping same in one of the counties in his judicial circuit, threatening pestilence and disease to the people. We admit such consideration probably did and properly should bear an important place in respondent's mind in determining whether the prosecuting attorney was entitled to a temporary injunction, without notice, if the matter was then presented to him as an original proposition and we would hesitate to interfere with his discretion in the matter if it appeared it was soundly exercised, although even then there could not be said to be an emergency that had not been just as much an emergency, at least through the heated season. But the circumstances attending the granting of the injunction on a second application, after being confronted with an application for a change of venue on the prior application, and where no bond could be required of the State acting through the prosecuting attorney to protect defendants if it later turned out such injunction was improperly or improvidently granted, present the matter in an entirely different light. Relators had been conducting their business in the same manner for about eight months. The full height of the heated season had been reached and possibly passed before any petition for injunction was filed and when it was filed, respondent then exercised his discretion in the first case in favor of giving notice to defendants; we are therefore justified in concluding that sufficient notice of the application in the second case would not have unduly jeopardized the interests of the State.

Under these circumstances the conclusion is irresistible that the proceedings on the second application without such notice amounted to snap judgment against de-

fendants and were arbitrary and wrongful, were not had in the exercise of respondent's sound discretion and constituted an excessive exercise of his usual and rightful jurisdiction as judge of said circuit court; that relators have no adequate remedy by appeal or otherwise, save and except by our intervention.

It follows that our preliminary rule heretofore granted should be made absolute and respondent required to set aside the order granting a temporary injunction and not to proceed further with said case until defendants are duly served with notice or enter their appearance therein.

It is so ordered. All concur, except *James T. Blair, C. J.*, and *Woodson, J.*, who dissent.