THE STATE EX REL. LAURA SEXTON v. EMIL ROEHRIG, Former Judge, and WILLIAM C. HUGHES, Judge, of Circuit Court of Audrain County.—19 S. W. (2d) 626.

Division One, July 30, 1929.

*Lyons & Ristine* and *Clarence A. Barnes* for relator.

*Don C. Carter* and *Arthur Bruton* for respondents.

ATWOOD, P. J.—This is an original proceeding in prohibition whereby relator, Laura Sexton, seeks to prevent the Circuit Judge of Audrain County, Missouri, and her former husband, Albion Sexton, from proceeding further in the prosecution of a suit pending in said court wherein the said Sexton is plaintiff and relator herein is defendant. Our preliminary rule was issued and respondents filed their motion to quash the same. Relator thereupon filed motion for judgment on the pleadings. We quote as follows from relator's statement of the facts pleaded in her amended petition:

"June 14, 1923, relator, Laura Sexton, procured judgment against said Albion Sexton in the Circuit Court of Lafayette County, Missouri, for a divorce and for $2,000 alimony in gross and $100 per month each and every month thereafter for the support and maintenance of four minor children.

"June 17, 1927, an execution was issued by the Circuit Court of Lafayette County, Missouri, for $7874.50, and a levy was duly made upon real estate belonging to Albion Sexton for the collection of same. Thereafter, in consideration of the sum of $4300 paid by said Albion Sexton, relator agreed to release said Albion Sexton for all alimony and for all maintenance due her by virtue of said judgment to the date of said payment.

"October 3, 1928, an additional sum of $800 for further maintenance of said minor children was due the relator and she procured a general execution from the Circuit Court of Lafayette County, Missouri, directed to the Sheriff of Audrain County, Missouri, for said $800 and said Sheriff of Audrain County, Missouri, duly levied upon certain real estate in said county belonging to said Albion Sexton.

"October 27, 1928, respondent, Albion Sexton, filed his petition in the Circuit Court of Audrain County, Missouri, entitled 'Bill In Equity,' wherein this relator, Laura Sexton, was defendant, and wherein the respondent, Albion Sexton, alleged in said petition that the judgment in the Circuit Court of Lafayette County, Missouri, had been fully paid and discharged by the payment of $4300

to this relator, and that the relator failed to properly satisfy said judgment of record, and that the execution levy on his real estate in Audrain County, Missouri, had created a cloud and lien upon his title to said real estate in said county.

"Relator filed her plea in abatement challenging the jurisdiction of said circuit court to hear and determine any suit affecting the validity of a judgment in the Circuit Court of Lafayette County, Missouri, or any execution issued thereon and levy made on account thereof, and further challenged the jurisdiction of said court because the plaintiff in said suit did not reside within Audrain County, Missouri, and because the defendant in said suit, who is the relator herein, did not reside in said Audrain County, Missouri, but resided in and was served in Lafayette County, Missouri. The Circuit Court of Audrain County, Missouri, after hearing the evidence overruled said plea in abatement."

Relator's first point specifies certain usurpations of power against which prohibition will lie. As a statement of an abstract principle of law its correctness may be conceded. The next point urged in relator's behalf is thus stated:

"The Lafayette County Circuit Court has exclusive control over its own process and no other court has jurisdiction to entertain, hear or determine a suit to stay, set aside or quash an execution issued by said Lafayette County Circuit Court."

In support of the above point relator cites certain cases and the following statutes appearing in Revised Statutes 1919:

"Sec. 1675. If any person against whose property any execution or order of sale shall be issued apply to any judge of the court out of which the same may have been issued, by petition, verified by oath or affirmation, setting forth good cause why same ought to be stayed, set aside or quashed, reasonable notice of such intended application being previously given to the opposite party, his attorney of record or agent, such judge shall thereupon hear the complaint.

"Sec. 1951. Proceedings on an injunction to stay a suit or judgment shall be had in the county where the judgment was rendered or the suit is pending, and the summons may be directed and served as summons in ordinary cases."

Respondents concede that under the well settled rule of law in this State each court has exclusive control of its own process, one court cannot interfere with the process of another court, and any relief against the process of a court must be applied for in that court (Mellier v. Bartlett, 89 Mo. 134, 137; Scrutchfield v. Sauter, 119 Mo. 615, 621; Norman v. Eastburn, 230 Mo. 168, 188; State ex rel. v. Wessell, 237 Mo. 593, 602; Farris v. Smithpeter, 180 Mo.

App. 466, 468), but they contend that neither of the above statutes is applicable to the case now pending in the Circuit Court of Audrain County, because this is an independent proceeding brought for another purpose and resting on other grounds of equity jurisdiction, and that in any event, relator has an adequate remedy at law by appeal. If the latter contention is well grounded the provisional rule issued herein should be discharged, because prohibition may not be employed to fill the office of an appeal and where a timely and adequate remedy is afforded by appeal, prohibition will be denied. [Ferris on Extraordinary Legal Remedies, sec. 322; State ex rel. Caron v. Dearing, 291 Mo. 176, and cases there cited.]

While counsel for relator do not make a separate point of the question of the existence of another adequate remedy, they do say in their printed brief that "adequate remedy by appeal is not afforded to the relator, because her lien by virtue of the levy would expire before the matter could be adjudicated by appeal," and that "the next regular term of the Audrain County Circuit Court to be held in March, 1929, is the last term of said court during which a sale of said real estate may be had under and by virtue of said execution and levy, and that if a sale is not held at and during said term, the lien of the relator by virtue of and on account of the levy will be lost and rendered worthless, and that on account thereof relator has no adequate remedy herein by appealing from the order of the Circuit Court of Audrain County, Missouri, overruling her plea in abatement." On oral argument similar suggestions were made, but on the record presented we do not regard them as convincing.

From relator's amended petition and copy of the "bill in equity" therein referred to as attached to relator's original petition it appears that on June 17, 1927, a transcript of the Lafayette County judgment was filed in the office of the Clerk of the Circuit Court of Audrain County, and on the same day an execution was issued on said judgment from the office of the Circuit Clerk of Lafayette County directed to the Sheriff of Audrain County, under which levy was made June 18, 1928, upon real estate owned by the said Albion Sexton; that negotiations were thereupon commenced which culminated in the satisfaction of said judgment to the extent of the amount accrued to February 1, 1928, although respondent, Albion Sexton, alleges in his said bill in equity that relator agreed in consideration of the payment of $4300 to satisfy her judgment in full; that on October 3, 1928, relator herein had another execution issued out of the office of the Clerk of the Circuit Court of Lafayette County under said judgment in the sum of $800 directed to the Sheriff of Audrain County, who levied upon said real estate there-

under. Now it may be, as counsel for relator say, that pending a determination of an appeal in this cause the lien of the execution issued under date of October 3, 1928, would be lost through her neglect or refusal to have the real estate sold thereunder, although the Circuit Court of Audrain County has not been requested nor has it undertaken to restrain such sale, but relator is not without an adequate legal remedy. She or her legal representatives may at any time within ten years from the rendition of his judgment revive the same and the lien will continue for a period of three years from the date of such revivor (Sec. 1557, R. S. 1919) ; transcript of the judgment reviving this judgment and the lien thereof may be filed, docketed and recorded in the office of the clerk of the circuit court of any other county in the same manner and with like effect as an original judgment or decree (Secs. 1596 and 1593, R. S. 1919) ; and executions may be issued thereon during the life of the judgment in the court where the same was rendered. [Sec. 1607.]

It thus appears that adequate statutory provisions are already available to relator for the protection of her rights in this judgment pending an appeal from any judgment rendered in the suit filed by Albion Sexton in the Circuit Court of Audrain County. The mere fact, if it be a fact, that it would be more convenient for relator to try her case on our writ of prohibition than to invoke the above statutory provisions and appeal from an adverse judgment below is not a sufficient ground for the issuance of the writ. In Ferris on Extraordinary Legal Remedies, page 436, it is said: ''The adequacy or inadequacy of the remedy in the ordinary course of law does not depend merely upon the question of delay, expense or inconvenience.'' Relator suggests no other reason why an adequate remedy is not afforded her by appeal, and we think of none.

For the reasons above stated we deem it unnecessary to pass upon other points raised herein, and our preliminary rule is discharged. All concur.