FRED H. KYGER AND MRS. FRED H. KYGER, RESPONDENTS, v. JOHN A. KOEPER, APPELLANT.—194 S. W. (2d) 51.

Springfield Court of Appeals.   April 12, 1946.

Rehearing Denied.   May 2, 1946.

*Wm. J. B. Myres* and *Edward V. Sweeney* for appellant.

948

*H. A. Gardner* and *James E. Sater* for respondents.

950

BLAIR, J.—This is an action in prohibition. The first thing for consideration is respondents' motion to dismiss the appeal of appellant.

. The burden of such motion is that appellant called the transcript on appeal a "Bill of Exceptions," instead of a transcript, and inserted unnecessary matters therein. We have examined the so-called "Bill of Exceptions" and find that it contains everything required in a transcript on appeal, and seems to have been timely filed. It is true, that the so-called "Bill of Exceptions" contains matters not required to be filed to secure appellate review; but it does contain everything required in a transcript on appeal. We do not feel that, because appellant has called his filing a "Bill of Exceptions" and inserted therein matters not required in a transcript on appeal, these things should brand the transcript as insufficient.

It is true that the bill of exceptions, as formerly termed, has been abolished and only a transcript on appeal, which contains matters formerly shown by a bill of exceptions, is now required. If appellant has inserted matters not required in a transcript on appeal, this may be of interest in a proper court on a question of costs, if that question is raised; but we do not feel that an appellant should be deprived of his appeal simply because he has improperly called his transcript on appeal a "Bill of Exceptions," and has inserted matters therein not necessary on an appeal. The motion to dismiss the appeal is overruled, and we will proceed to the merits of the appeal.

On January 3, 1946, respondents, then plaintiffs, filed in the circuit court their petition, stating that appellant, then defendant, was a justice of the peace of Pierce Township, Lawrence County, Missouri, and that one M. E. England and Omah England filed before defendant a suit against plaintiffs for unlawful detainer and for damages for such detention, and that on October 12, 1945, plaintiffs filed with defendant an affidavit stating that a member of the General Assembly, then in session, was an attorney in said suit, and that said attorney was in attendance upon said General Assembly, and that his appearance at the trial before defendant was necessary, and asked for a continuance of the suit before defendant, in accordance with the laws of Missouri for 1943, page 383, Section 96; and that on October 15, 1945, the defendant rendered judgment in favor of plaintiff, in said suit before him, for possession of the property involved and for damages in the sum of $250, and costs of suit; that said defendant overruled a motion to set aside such judgment and threatened to issue execution on such judgment.

. Plaintiffs, respondents here, contended that said justice of the peace acted in excess of his jurisdiction, because of the filing of such

affidavit.. Plaintiffs contended also that the office of justice of the peace had been abolished by the Constitution adopted February 27, 1945, but respondents did not argue the last point here, or in their brief, and we will treat that contention as abandoned, and address ourselves solely to the effect of the affidavit filed with the justice of the peace, and whether a writ of prohibition was properly issued.

The trial judge issued a preliminary writ of prohibition on November 19, 1945. On the hearing, defendant, now appellant, asked for a directed verdict, which was denied by the trial judge, and, after such denial, and on November 28, 1945, made the preliminary writ permanent. On the same day, defendant, appellant here, filed his motion to set aside such judgment and permanent writ, and this motion seems to have been overruled on the same day. On that day, to-wit, November 28, 1945, defendant gave notice that he appealed to this Court, and, on November 29, 1945, appears a memorandum of the clerk of the Circuit Court of Lawrence County, Missouri, that he had mailed a copy of defendant's notice of appeal to the attorneys for plaintiffs, and, on December 21, 1945, said clerk certified to the correctness of such notice of appeal and service on respondents' attorney.

On January 5, 1946, as appears from a memorandum of our clerk, and his file mark thereon, such transcript, called a "Bill of Exceptions" was filed in this Court. The case is thus before us.

There can be no question, in the light of the statute and of the decisions of the Supreme Court and the several Courts of Appeals, that defendant had no right to proceed at that time in the case before him, after such affidavit, if in proper form, was filed. Respondents cite the following statute and cases, and we use them, as we regard them as entirely sufficient, to-wit: Section 96, Civil Code, 1943 Session Acts, 383; State v. Clark, 267 S. W. 413; State v. Myers, 179 S. W. (2d) 72.

The Legislature has seen fit to require all courts to continue civil and criminal cases pending therein, when such affidavit is filed, and the courts of this State have time and again held that such an affidavit stays the hand of all courts of this State. It was not for defendant, appellant here, to say that such affidavit was fraudulent and filed simply to postpone hearing of the case before him, whatever defendant or counsel may have thought. We understand that counsel for appellant do not now argue otherwise.

But appellant contends that prohibition was not the proper remedy, and that appeal in the case before the justice of the peace was the only remedy respondents had and that the trial judge erred in granting the preliminary writ and later in making such writ permanent. On the other hand, respondents contend that the filing of such affidavit deprived appellant of all jurisdiction in the case, previously pending before him, and, for that reason, prohibition is the proper remedy.

A reading of Section 96, Laws of 1943, page 383, does not indicate that even a proper legislative affidavit deprives a court of all jurisdiction, for said section simply provides that the filing of such affidavit "shall be a sufficient cause for a continuance." If the court should be deprived of jurisdiction by the filing of such affidavit, it could not even make an order of continuance. Hence, respondents must mean that such court is not permanently deprived of jurisdiction, but simply has no further jurisdiction to proceed to trial at that time. In other words, the court before whom said case has been pending is temporarily deprived of jurisdiction.

It cannot well be contended, in view of Section 2835, Revised Statutes Mo. 1939, that justice of the peace courts had no jurisdiction in unlawful detainer suits. So, it is evident that appellant, as justice of the peace of Lawrence County, had original jurisdiction in unlawful detainer cases in that county. Was he deprived, even temporarily, of such jurisdiction by the filing of such affidavit? We understand that respondents only seek to justify the issuance of the writ of prohibition on the ground that defendant was acting in excess of his jurisdiction, when he entered and sought to enforce his judgment.

Appellant cites Carpenter v. Alton R. Co., 148 S. W. (2d) 68. True, in that case, an application for change of venue was filed and not acted upon. We are unable to see any difference between an application for change of venue, such as was filed in the Carpenter case (Sec. 1062, R. S. 1939), and an affidavit that one of the counsel was a member of the General Assembly and in attendance thereon. In either case, the trial court could proceed no further in the case, but has the right to pass on the sufficiency of such application or affidavit. In sending the case to some other court, or in continuing the case until counsel no longer is prevented from attending, for the reason stated, the court acts judicially and within its jurisdiction.

In the Carpenter case, Judge SPERRY, speaking for the Kansas City Court of Appeals, said:

"The mere filing of an application for change of venue does not oust the court of jurisdiction. The court had jurisdiction to grant the change, or to deny it. The court may rule erroneously on the question; but it is within the jurisdiction of a court to err. [Incorporation of Little Tarkio Drainage District v. Richardson, 227 Mo. 252, l. c. 260, 126 S. W. 1021; State ex rel. Ford v. Hogan, 324 Mo. 1130, l. c. 1140, 27 S. W. (2d) 21.] In this case the court should have ruled the application before proceeding to hear the case."

So, in this case, the filing of an affidavit stating that one of the counsel was a member of the General Assembly, then in session, and which such attorney was required to attend, did not deprive the court of jurisdiction to determine whether or not such affidavit conformed to the statute, and if it did, to enter an order continuing the case until such time as such cause was removed. In such case, the court

acted within its jurisdiction, and, if such jurisdiction was erroneously exercised, error was committed, which, upon appeal, would result in a reversal of any judgment thereafter rendered.

Respondents could have appealed from the judgment entered by appellant. He should have continued the case before him on the filing of a legislative affidavit. That respondents did not appeal to the circuit court from the judgment entered against them by appellant, does not change the situation in the least. Respondents had the right to appeal, and if they did not exercise that right within the time allowed by law (Secs. 2726 and 2727, R. S. Mo. 1939), they have no one but themselves to blame. Assuming that the legislative affidavit was in proper form, the defendants should have granted a continuance and his failure to do so was error, which could have been corrected on appeal to the circuit court, or possibly respondents might have maintained *mandamus*. But prohibition cannot be employed to fill the office of an appeal. Nor can it be used when other adequate remedy at law exists. [State ex rel. Sexton v. Roehrig, 323 Mo. 515, 19 S. W. (2d) 626; State ex rel. Caron v. Dearing, 291 Mo. 169, 176, 236 S. W. 629; State v. Brumley, 53 Mo. App. 126.]

Respondents cite State ex rel. Buckingham Hotel Co. v. Kimmel, 183 S. W. 651. We have examined that case. Judge KIMMEL was undertaking to make an order which he had no jurisdiction to make and was prohibited by the St. Louis Court of Appeals. There the court said:

"The writ cannot be made to perform the functions merely of an appeal or writ of error. Its purpose is not to review and correct errors but to prevent the usurpation of judicial authority.

"But the case before us is one involving the question of usurpation of judicial authority; i. e., the exercise of jurisdiction in excess of respondent's judicial power and authority. The extraordinary remedy invoked is therefore appropriate, and under the facts disclosed we see no good reason why it should be denied relator."

Respondents cite and quote from State ex rel. Gary Realty Co. v. Hall, 322 Mo. 1118, 17 S. W. (2d) 935. Judge GENTRY, speaking for the Missouri Supreme Court en banc, quoted the part quoted by respondents in their brief; but respondents neglected to quote further, as follows: "'If there is no other adequate remedy in the ordinary course of law, and timely objection has been made by law to the jurisdiction.'"

In the Hall case, Judge HALL had granted a motion covering the same ground that was covered or could have been covered in numerous cases. Judge GENTRY, quoting from an earlier case, said:

"'When rights have been fully and finally determined, there should be an end to their litigation. Final judgments should be final, and the courts rendering them should not be trifled with. The writ of prohibition is available to keep the court within the limits of its

power in a particular proceeding, as it is to prevent the exercise of jurisdiction over a cause not given by law to its consideration.' [State ex rel. Knisely v. Board of Trustees of Y. W. C. A., 268 Mo. l. c. 168, 186 S. W. 681; State ex rel. Fabrico v. Johnson, 293 Mo. 302, 239 S. W. 844.] We, therefore, hold that prohibition is proper in a matter such as this.''

We do not think the foregoing case is any authority for the position taken by respondents. Judges WOODSON, FARIS, RAGLAND and WHITE, had previously passed on every phase of the dispute between the Gary Realty Company and Swinney, and it was to prevent further appeals that a writ of prohibition was granted.

In the case of State ex rel. Fowler et al. v. Calvird, 93 S. W. (2d) 1106, cited by respondents, Judge CALVIRD undertook to make an order in a case he had previously transferred to another circuit court on change of venue, and thereby deprived himself of all jurisdiction in the case, and, of course, the Kansas City Court of Appeals stopped him by a writ of prohibition.

REYNOLDS, J., said: ''Such court and the respondent as judge thereof were, by the order transferring the cause upon change of venue, wholly divested of any jurisdiction of said cause. Upon such change of venue, such cause and the subject-matter thereof, together with all the parties thereto and all matters incident thereto, passed to the jurisdiction of the circuit court of Johnson county. [Ex parte Haley, 99 Mo. 150, 12 S. W. 667.] Not a shred of jurisdiction over the cause or any of its incidents remained in the jurisdiction of the circuit court of Henry county or under the jurisdiction of the respondent judge.''

It is our conclusion that a temporary writ of prohibition should not have been issued and that the trial court erred in issuing such writ and making same permanent thereafter. The judgment below should be reversed and the cause remanded with directions to the trial court to set aside both its temporary writ of prohibition and its permanent writ of prohibition and to deny respondents' application therefor. It is so ordered.

*Fulbright, P. J.,* and *Vandeventer, J.,* concur.