**CRACKERNECK COUNTRY CLUB, INC. et al., Relators,**

v.

**Honorable Richard P. SPRINKLE, Respondent.**

No. 25956.

Missouri Court of Appeals, Kansas City District.

Oct. 2, 1972.

C. John Forge, Jr., Independence, for relators.

James S. Cottingham, City Counsellor, Richard G. Carlisle, Asst. City Counsellor, Independence, for respondent.

SWOFFORD, Judge.

This is an original proceeding in prohibition wherein our preliminary rule was issued and the matter is now before us for final determination.

The relators are the Crackerneck Country Club, Inc. and the Rockwood Golf and Country Club, Inc., both private country clubs within the municipal corporate limits of the City of Independence, Missouri. Joined with these clubs as relators herein are Illinois Howard Johnson's, Inc. and The Generals Inn, Inc., both of which companies operate motor inns or motels within the municipal corporate limits of the City of Independence, Missouri.

The respondent is the judge of Division Number 2, Sixteenth Judicial Circuit, Jackson County, Missouri.

In order to understand the issues before us here, it is necessary to review in some detail the factual and legal background of this matter.

Prior to the enactment of Section 311.-097 V.A.M.S., which permits certain classes of restaurant-bars to sell intoxicating liquor-by-the-drink on Sundays, all of the relators were properly licensed by the state of Missouri, Jackson County, Missouri, and the City of Independence to serve liquor-by-the-drink (except on Sundays) in connection with their regular restaurant-bar business. Following the effective date of Section 311.097 V.A.M.S., two of the relators were licensed by the state of Missouri

as restaurant-bars eligible to sell liquor-by-the-drink on Sundays and the other two relators had submitted their applications for such license.

The ordinances of the City of Independence, Chapter 2, permit the sale of liquor-by-the-drink only from Monday through Saturday and the City of Independence has refused to extend its applicable ordinances to permit such sales on Sunday.

In an attempt to resolve this schism, the relators filed an action in the Circuit Court of Jackson County, Missouri against the City and certain of its officials, wherein they asked that the ordinances of the City of Independence, insofar as they prohibit the sales of liquor-by-the-drink on Sunday be declared null and void as in conflict with state law, and that the City of Independence and its officials be enjoined from enforcing or attempting to enforce such ordinances.

Upon the filing of this suit, the respondent issued a restraining order (temporary injunction) directed to the City and its officials, ordering that such defendants desist and refrain from interfering directly or indirectly with the rights granted plaintiffs (relators here) under their state licenses permitting Sunday sales. After hearings before the court on defendants' motion to dismiss, the court overruled the motion and the defendants filed their answer and counterclaim. In the counterclaim they asked for injunctive relief restraining plaintiffs (relators here) from continuing the ordinance violations of selling liquor-by-the-drink on Sunday.

On October 20, 1971, the court dissolved the temporary restraining order theretofore granted to the relators and denied them further injunctive relief as prayed in the petition, and granted the defendants in such suit a temporary injunction and en-joined the plaintiffs from selling liquor-by-the-drink on Sundays pending a final hearing on a permanent injunction. On the same day, the defendants posted and the court approved an amended temporary injunction bond executed by the City of Independence, Missouri by Lyle W. Alberg, City Manager, in the amount of $1000.00 and deposited such sum in cash with the circuit clerk. Relators filed a motion to increase the amount of this bond to $60,000.00 and on the same day filed their notice of appeal to this court from the order of the trial court dismissing (dissolving) the temporary injunction theretofore granted to them.[1] The plaintiffs' motion to increase the bond has not been ruled upon by the court below, although he advised the parties by letter that he would overrule the motion on November 5, 1971.

On October 29, 1971, the relators filed their petition for writ of prohibition, in which petition they asked that respondent judge be "temporarily prohibited and restrained from enjoining plaintiffs pending final consideration of this petition for writ of prohibition upon its merits and that upon such final consideration of this petition that the court be prohibited from approving any bond except in accordance with the ordinances of the City of Independence, or further order of this Court."

Our "stop-order" issued on October 29, 1971; the matter of whether or not this proceeding should be dismissed was briefed and on December 6, 1971, our preliminary rule in prohibition issued, directed to the respondent, ordering and directing him to refrain from enforcing the temporary injunction against the relators; to take no further action in the premises and to show cause on January 7, 1972 why the preliminary rule should not be made absolute. Respondent filed his return to the preliminary writ, the case was briefed and orally

1. This appeal was docketed here as case No. 25,592, entitled "Crackerneck Country Club, Inc., et al., Appellants v. City of Independence, Missouri, et al., Respondents," and was briefed and set for argument at the same session as the case before us. On June 9, 1972, this court sustained respondents' motion to dismiss that appeal because it was taken from a judgment which did not finally dispose of all the issues between all of the parties, and was premature.

argued, and is now before us for final determination on the prohibition.

The relators' points relied upon and their contentions here may be summarized as follows: that prohibition is the proper remedy since appeal does not provide adequate relief; the bond required by Rule 92.09, Rules of Civil Procedure, V.A.M.R., is jurisdictional and must be sufficient in amount to compensate for all losses which are the natural and proximate result of the injunction they claim was erroneously issued; that the bond is inadequate; and finally, that the bond does not bind the City of Independence since the city manager was unauthorized by specific ordinance to execute the bond or to expend city monies for that purpose.

We approach the determination of this matter, as we must in all such cases wherein the extraordinary writ of prohibition is sought, with certain basic and fundamental standards and precepts defining our power to grant such relief. In Knisley v. State, Mo.Sup., 448 S.W.2d 890, it was said, 1.c. 892:

> " * * * prohibition is an extraordinary remedy to correct and prevent the exercise of extrajurisdictional power, is not a writ of right and should not be employed for correction of alleged or anticipated judicial errors, and does not lie for grievances which may be adequately redressed in the ordinary course of judicial proceedings. (cases cited) * * *"

and in State ex rel. Taylor v. Nangle, Mo. Sup., 227 S.W.2d 655, the court said, 1.c. 657:

> " * * * However, the chief purpose of the issuance of the writ by this court is to confine a lower court within its proper jurisdiction; that is, to prevent it from acting without or in excess of its rightful jurisdiction."

To like effect, see: State ex rel. Lesliy v. Aronson, Mo.App., 362 S.W.2d 61, 63.

Prohibition is to be used with great caution and forebearance and only in cases of extreme necessity and not to rule complaints of error which may be adequately reviewed on appeal. Neither is it a writ whereby this court can substitute our judgment or discretion for that of a trial court properly vested with jurisdiction and exercising its discretion within the legitimate boundaries of such jurisdiction. It is basically a preventative and not a corrective writ. State ex rel. Deering Milliken, Inc. v. Meyer, Mo.App., 449 S.W.2d 870, 873; State ex rel. Duddy v. Lasky, Mo.App., 451 S.W.2d 352, 355.

Our focus here must be upon the record before us and we are circumscribed by the foregoing limitations as to the use and purposes of the writ.

It is obvious that the issues presented by the pleadings and record in the court below are not finally resolved. It appears that the main and decisive issue is one of law as to the apparent conflict between the state law and the city ordinance with reference to the sale of liquor-by-the-drink on Sunday, although there may still remain some areas of factual dispute. Albeit, it is not our function to decide such issues now, nor to coerce a judgment or control the decision of these ultimate issues by our writ of prohibition. Rather, we must confine our function to a determination upon the record before us as to whether or not the relators have an adequate remedy by appeal from a possible adverse final judgment and whether or not the court below acted or threatens to act without or in excess of his jurisdiction.

Commission of error at the trial level within the jurisdiction of the trial court may be corrected on appeal, and it is not the function of a writ of prohibition to reach such errors. State ex rel. Allen v. Yeaman, Mo.App., 440 S.W.2d 138, 145–146; State ex rel. Schoenbacher v. Kelly, Mo. App., 408 S.W.2d 383, 395. Prohibition is not available where the sole ground upon which it is sought is that no adequate rem-

edy is available by appeal. This deficiency must be coupled with actions without jurisdiction or in excess of jurisdiction. The fact that the remedy by appeal may be unsatisfactory or inconvenient alone, will not invoke the court's discretion for the issuance of the extraordinary writ of prohibition. State ex rel. Sexton v. Roehrig, 323 Mo. 515, 19 S.W.2d 626, 628. We hold that relators have an adequate remedy by mature appeal from any errors which have been committed or threatened by the trial court.

■■ The remaining area for our consideration is whether the trial court had jurisdiction to approve the injunction bond proffered by the City of Independence and to refuse to increase the amount thereof. A corollary of this problem is whether or not the city manager was authorized to execute the bond on behalf of the city or whether a specific ordinance empowering him to do so was required.

Addressing ourselves to the latter problem, Rule 92.09, Rules of Civil Procedure, provides in part as follows:

"Injunction Bond. No injunction or restraining order * * * shall issue in any case, except in suits instituted by the state in its own behalf, until the plaintiff, or some responsible person for him, shall have executed a bond with sufficient surety or sureties to the other party, in such sum as the court or judge shall deem sufficient to secure the amount or other matter to be enjoined * * *"

The City of Independence, Missouri is a constitutional charter city and, therefore, Section 82.220 V.A.M.S. applies to it. Such section provides:

"Bonds in judicial proceedings. Such city, in taking an appeal or prosecuting a writ of error in any judicial proceeding, shall give bonds as required by law, but it is hereby released from the obligation of law to furnish security therefor. All such bonds shall be executed by the may-

or or chief magistrate of such city, and shall be taken in all courts of this state as full compliance with the law in such cases * * *"

While this section does not specifically name injunction bonds, it is the clear legislative intent that in charter cities the mayor or "chief magistrate" can act for the city in the execution of judicial bonds "in any judicial proceeding." This term "chief magistrate" is defined in Black's Law Dictionary, 4th Edition, p. 302, as:

"The head of the executive department of government of a nation, state or municipal corporation."

In the case of Schultz v. Merchants' Insurance Co. of St. Joseph, Mo., Mo.Sup., 57 Mo. 331, 336, the court held that the term "magistrate" does not necessarily imply an officer exercising judicial functions. Indeed, this court can take judicial notice that in Jackson County, including the City of Independence, all magistrates are state and not municipal officers.

The charter of the City of Independence defines the functions of the city manager as:

"The city manager shall be the chief administrative officer and head of the administrative branch of the city government. He shall execute the laws and ordinances and administer the government of the city * * *" Section 3.3 of the Charter of the City of Independence.

Part of the duties of the city manager of the City of Independence was to execute and administer the liquor control ordinances of that city. The execution of the bond herein was a necessary part of those duties and we hold that he was empowered to do so under his general powers and duties without the necessity of a specific ordinance. The penalty of the bond was $1000.00 which has been deposited in cash with the circuit clerk. We hold that the respondent did not act without jurisdiction or in excess of his jurisdiction in approving the form, execution and amount of this bond.

The only remaining problem is whether or not the trial court when he indicated he would refuse to raise the amount of this bond from $1000.00 to $60,000.00 as requested by the relators was proposing to act without jurisdiction or in excess of his jurisdiction. The amount set in an injunction bond rests solely in the discretion of the trial court. Under Rule 92.09, Rules of Civil Procedure, he may set it "in such sum" as he "shall deem sufficient to secure the amount or other matter to be enjoined". Our writ of prohibition should not issue to control the exercise of this discretion. State ex rel. Allen v. Yeaman, Mo.App., 440 S.W.2d 138; State ex rel. Clagett v. James, Mo.Sup., 327 S.W.2d 278.

There was apparently a hearing in the court below on October 26, 1971, with reference to relators' motion to increase the injunction bond. We have not been favored with a transcript of that hearing either in the appeal, Case No. 25,592, nor in this proceeding. We must therefore assume that the record then made before respondent provided a reasonable basis for the exercise of his discretion in indicating his intention to overrule relators' motion to increase the bond. In any event, the weight of such evidence would not be for our determination since we are here dealing with the question of jurisdiction. State ex rel. Central States Life Ins. Co. v. McElhinney, 232 Mo.App. 107, 90 S.W.2d 124, 129.

Because of our view of this case, it is unnecessary for us to pursue the arguments of respondent that no bond at all was required of the City of Independence because it was acting in a governmental capacity as a branch of the state to abate a nuisance. A journey down these by-paths while possibly fraught with interest, is superfluous to our decision.

Our preliminary rule in prohibition is therefore quashed and peremptory writ denied.

All concur.