EDWARD COUGHLIN, Petitioner, *v.* ADOLPH EHLERT, Jailor and Respondent.

*Courts — Jurisdiction — Contempt — Divorce.* —Imprisonment for debt being abolished, a party cannot be imprisoned for a contempt of court in refusing to obey an order or decree directing the mere payment of money. An order for the payment of alimony is simply an order for the payment of money.

*Petition for writ of Habeas Corpus.*

*Cline & Jamison,* for petitioner.

HOLMES, Judge, delivered the opinion of the court.

This party is brought before the court on a writ of *habeas corpus.* It appears by the return of the jailor that he was committed to jail under an order of the St. Louis Circuit Court, which stated that " being here in court under attachment for not obeying the order of court made on the 30th March, 1865, to pay alimony to the plaintiff as set forth in said order," and "failing to show cause for disobeying said order" he was thereby committed to the county jail "for ten days unless said alimony is sooner paid." The petition states that the petitioner is a poor man and unable to employ counsel, and that he had stated to the St. Louis Circuit Court under oath that he could not pay nor had the means to discharge any part of said judgment, nor did he know any one to whom he could look with any hope of getting the same; and that he was a poor man and had no means out of which he could satisfy said judgment, small as it was.

The act concerning divorce and alimony provides that when a party neglects or refuses to pay alimony as adjudged,

19—VOL. XXXIX.

the court shall have power "to award an execution for the collection thereof, or to enforce the performance of the judgment or order by sequestration of property, or by such other lawful ways and means as is according to the practice of the court—Gen. Stat. 1865, ch. 114, § 6. It seems that this party was treated by the Circuit Court as being in contempt for disobedience of the previous order of court requiring him to pay the alimony which he had been adjudged to pay. It does not appear that any execution or process of sequestration had been issued. A writ of sequestration is a process for contempt; but it was said in Roberts v. Stoner, 18 Mo. 481, that "a sequestration merely to compel the payment of money cannot now issue, as imprisonment for debt is abolished."

The party here was under no other contempt than that of refusing to pay the money which the court had ordered to be paid as alimony. As process against the body for the non-payment of a debt cannot now be issued, there would seem to be no means of putting a party in contempt for disobeying orders or decrees for the mere payment of money. We do not mean to say that a party may not be put in contempt for disobeying a decree for the performance of acts which are within his power and which the court may properly order to be done. If it were shown, for instance, that the party had in his possession a certain specific sum of money, or other things, which he refused to deliver up under the order of the court for any purpose, it may very well be that his disobedience would be a contempt for which he might lawfully be imprisoned. But the order must be for the performance of some specific act other than the mere payment of money. For such a contempt as this would suppose, the statute has made a special provision to the effect, that "where a judgment requires the performance of any other act than the payment of money," and the party neglects or refuses obedience, "he may be punished by the court as for a contempt, by fine or imprisonment, or both, or, if necessary,

by sequestration of property" — Gen. Stat. 1866, ch. 172, § 27.

An order for the payment of alimony is simply an order for the payment of money. Imprisonment for debt is abolished in this State. We think this was an imprisonment for debt only, and the commitment was without authority of law.

Let the prisoner be discharged.

The other judges concur.