**STATE of Missouri ex rel. William Dale McCURLEY, Relator,**

v.

**Honorable Forest W. HANNA, Judge, Circuit Court of Jackson County, Respondent.**

**No. 59319.**

Supreme Court of Missouri, En Banc.

March 8, 1976.

Rehearing Denied April 14, 1976.

Donald F. Price, Kansas City, for relator.

John J. Phillips, Independence, for respondent.

HOLMAN, Judge.

This is an original proceeding in prohibition. Upon application of relator, the Missouri Court of Appeals, Kansas City District, issued a preliminary rule in prohibition. Upon being advised that this court had two cases pending which involved the same questions the court of appeals recommended that we transfer this case before opinion. We agreed and ordered the case transferred and set for argument on the same day as the other two. We decide the

case here the same as an original proceeding filed in this court. Art. V, Sec. 10, V.A.M.S.

The plaintiff-movant Connie G. Spellerberg (formerly McCurley) in the underlying action obtained a divorce from relator in March, 1968. She also obtained custody of their minor child and a judgment against relator for $100 per month for his support. On August 6, 1975, said movant filed a motion in which she requested that relator be cited for contempt for his willful failure to pay said child support payments. She alleged that he was then in arrears in the amount of $1,600. The motion was heard on October 29, 1975.

Since we have concluded that we will not decide this case on the merits we will not state the evidence in detail. We will state, however, that relator testified that business had been bad in his field of computer programming and that the corporation owned and formerly operated by relator and his present wife was now dormant; that he had drawn his salary until May 1, 1975, and since had received unemployment compensation in the amount of $79 per week during a portion of that time. He further stated that his present wife is now employed.

It should be noted that this case was not a proceeding under Section 452.345 [1] but that the court considered it to be based on Section 476.110 which reads, in part, as follows:

"Every court of record shall have power to punish as for criminal contempt persons guilty of . . .

"(3) Willful disobedience of any process or order lawfully issued or made by it; . . ."

At the conclusion of the hearing the court found relator guilty of indirect criminal contempt and he was "ordered committed to the custody of the Director of the Department of Corrections of Jackson County, Missouri, for imprisonment in the Jackson County Jail for a period of 90 days, and that execution of this sentence is suspended and Respondent is placed on probation for a period of one year from this date under the supervision of the Prosecuting Attorney of Jackson County, Missouri, on the condition that he make future payments regularly of $20 per week for the support of Brent to the Petitioner, . . ." There were further provisions relating to steps relator was required to take in an effort to obtain employment. The court also modified the original decree changing the support judgment from $100 per month to $20 per week. At the request of counsel for relator the court withheld the effective date of the judgment in order to provide time for relator to seek a writ of prohibition. As heretofore stated the preliminary rule was accordingly issued.

We should mention at the outset that opinions have been adopted concurrently herewith in two cases involving some of the same issues as are presented herein. In *State ex rel. Stanhope v. Pratt*, 533 S.W.2d 567 (Mo.1976) we overruled the case of *Coughlin v. Ehlert*, 39 Mo. 285 (1866) which held that a judgment providing for imprisonment for contempt for failure to pay alimony was invalid because it violated the constitutional provision forbidding imprisonment for debt. In *Teefey v. Teefey*, 533 S.W.2d 567 (Mo.1976) we held that contempt proceedings for failure to pay maintenance were civil and not criminal contempt and hence a party aggrieved by the judgment could obtain a review by appeal.

The cases mentioned were both filed under the provisions of Section 452.345. As indicated in Teefey we have the view that the court in this case could not base the judgment on Section 476.110 and find relator guilty of criminal contempt. We rule, however, that the trial courts have inherent authority to adjudicate civil contempt proceedings in cases such as the one before us.

Respondent's counsel concedes that relator is not guilty of criminal contempt, as found by the court, but states that he could properly be found guilty of civil contempt. He also concedes that in accordance with

---

1. All statutory references are to V.A.M.S.

Rule 35.01(b) the notice given relator was not sufficient to support criminal contempt and suggests that the case be remanded for the entry of appropriate findings and judgment. This being prohibition rather than an appeal we cannot technically remand the case. We have decided, however, for the reason suggested and other reasons hereinafter discussed to quash the preliminary rule and give limited directions to the trial court as to further proceedings. Rule 97.07.

At the time the court of appeals issued the preliminary rule such appeared proper. By reason of the *Coughlin* case it then appeared that the respondent was intending to exceed his jurisdiction in finding relator guilty of contempt. However, we have now ruled that the trial courts have jurisdiction to adjudicate civil contempt proceedings under circumstances such as were presented in the case at bar. Moreover, in addition to relief by habeas corpus, we have ruled that such a judgment may be reviewed by appeal.

■ "Prohibition is no substitute for appeal nor is it a device to correct trial errors or rulings." *State ex rel. Schaper v. Stussie*, 487 S.W.2d 49, 51 (Mo.App.1972). Furthermore, it has been properly said that, "Prohibition is to be used with great caution and forebearance and only in cases of extreme necessity and not to rule complaints of error which may be adequately reviewed on appeal." *Crackerneck Country Club, Inc. v. Sprinkel*, 485 S.W.2d 652, 655 (Mo.App.1972). While, as we have said, the appeals court properly issued the preliminary rule, we have the view that in light of our subsequent decisions prohibition is not an appropriate remedy for review of contempt judgments relating to failure to pay maintenance.

When the respondent is hereby released from the restraint of the preliminary rule we direct that if Mrs. Spellerberg desires that further proceedings be had the court hold another hearing to determine relator's present financial condition and the amount paid, if any, since the prior hearing. At the conclusion of that hearing the court should enter appropriate findings and judgment determining whether or not relator is guilty of civil contempt.

For the reasons heretofore indicated the provisional rule is quashed.

HENLEY, FINCH and DONNELLY, JJ., concur.

BARDGETT, J., concurs in result in separate opinion filed.

SEILER, C. J., and MORGAN, J., concur in separate opinion of BARDGETT, J.

BARDGETT, Judge (concurring in result).

I concur in the result reached—quashing the preliminary rule in prohibition.

However, I do not believe the court should decide in this case whether the trial court has inherent power to adjudicate civil contempt in proceedings such as this. I say this because civil contempt in this type of matter is now provided by section 452.345 and, in my opinion, the proceedings should be governed by that statute. This statute, in my opinion, works a modification of that part of the holding in *Coughlin v. Ehlert*, 39 Mo. 285 (1866), wherein the court held in effect that the court could not utilize imprisonment on civil contempt to coerce payment of alimony. Subject to the views I have expressed in my dissent in *State ex rel. Stanhope v. Pratt et al.*, 533 S.W.2d 567 (Mo. banc 1976), and *Teefey v. Teefey*, 533 S.W.2d 563 (Mo. banc 1976), I concur in result.