STATE of Missouri ex rel. LEVERAGE INVESTMENT ENTERPRISES, LTD., a Missouri Corporation, Relator,

v.

Honorable John M. YEAMAN, Judge of the Circuit Court of Platte County, Missouri, Sixth Judicial Circuit, Platte City, Missouri, Respondent.

No. KCD 30408.

Missouri Court of Appeals, Western District.

April 2, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 1, 1979.

David Skeer, David W. Howard, Kansas City, for relator.

Joseph J. Kelly, Jr., Howard F. Sachs, Jerome T. Wolf, Kansas City, for respondent.

Before SWOFFORD, C. J., and SHANGLER, DIXON, PRITCHARD, WASSERSTROM, SOMERVILLE and CLARK, JJ.

CLARK, Judge.

Relator seeks prohibition against respondent judge of the Circuit Court of Platte County to restrain enforcement of respondent's orders entered August 18, 1978 in a cause wherein relator is plaintiff and Diversified Mortgage Investors (hereafter DMI) and others are defendants. Preliminary rule in prohibition was issued and, for the reasons here stated, writ of prohibition is made absolute in part and is dissolved in part.

Relator is engaged in the business of land acquisition and development. In connection with a residential sub-division, country club and golf course project, relator and DMI, a real estate investment trust, entered into agreements in 1973, the general tenor of which was a commitment by DMI to finance the project by providing direct loans to relator and through issuance of "take-out letters". The latter is a vehicle whereby the borrower may obtain temporary construction financing upon the guarantee of a third party (here DMI) subsequently to assume the loan on a permanent basis. Security for advances was by deeds of trust executed by relator conveying the real estate under development to a trustee for the benefit of DMI.

Substantial sums were provided relator by DMI under the agreement, development of the project progressed, but disputes arose as to the extent of DMI's financing obligations, particularly concerning the "take-out letter" and the diligence and capability of relator in pursuing the project to completion. Such controversies matured in December 1974 when relator commenced an action against DMI in the United States District Court. Alleged there was DMI's breach of the agreement for project financing and relief sought was restraint against DMI's threatened foreclosure of the deeds of trust coupled with claims for damages. During pendency of the suit in federal court, however, DMI proceeded with foreclosure and on April 21, 1975, the property was sold at a trustee's sale to DMI.[1]

Notices of lis pendens were filed by relator in conjunction with the federal court action, such notices being recorded January 13, 1975 and April 21, 1975 in the office of recorder of deeds for Platte County, the situs of the land. The federal court case was eventually dismissed by stipulation and without prejudice when it became apparent that federal jurisdiction was absent. Prior thereto and, in apparent anticipation thereof, relator had initiated the present suit now pending before respondent.

The alleged claim of relator to an interest in the real estate as advanced in the state court was reflected in a third notice of lis pendens filed with the Platte County recorder November 14, 1977. At all material times prior and subsequent to the foreclosure sale, at least one notice of lis pendens was therefore continuously of record and, as a direct consequence of such notices of record, DMI has been precluded from any

---

1. No order restraining foreclosure was issued by the court, apparently by reason of the failure of relator to supply an indemnification bond securing DMI for accrued interest and other expenses.

transfer of the real estate except subject to ultimate disposition of relator's claim.

Allegations of relator in the present suit include many of the claims appearing in the federal court action but revised to reflect changed circumstances occasioned by the accomplished fact of the mortgage foreclosure. Relator contends, in summary, that initial breach of the project financing agreement was by DMI when a take-out letter was not issued and that such breach excused relator from further repayment obligations to DMI on prior advances. Foreclosure sale of the real estate is contended by relator to have been unwarranted absent a subsisting debt in default. Reconveyance of the property and damages are sought. In response, DMI denies any contract breach by it, asserts the validity of the foreclosure sale and asks judgment on relator's petition.

On the issues joined, DMI moved for partial summary judgment as to that portion of relator's Count I seeking to recover title to the real estate, for summary judgment on Count II where actual and punitive damages were claimed, moved for release of the lis pendens and moved to dismiss the remaining claims for failure to state a cause of action. Both motions were sustained by respondent's orders of August 18, 1978 which read in pertinent portions as follows:

"It is ordered, adjudged and decreed that partial summary judgment be entered against plaintiff and on behalf of said defendant with respect to paragraphs (a) and (b) of the prayer to Count I of plaintiff's petition herein and that such paragraphs (a) and (b) of Count I of plaintiff's petition be stricken therefrom;"

"Further that summary judgment is hereby entered against plaintiff and in favor of said defendant on Count II of plaintiff's petition;"

"Further that the following Notices of Lis Pendens are hereby released, expunged and declared null and void;"

(Followed by detailed descriptions of the three notices filed January 15, 1975, April 21, 1975 and November 14, 1977.)[2]

"It is ordered that paragraphs 11 and 12 of Count I of plaintiff's petition be and hereby are stricken, with leave to file an amended petition within thirty (30) days of the date of this order, properly setting forth, according to law, plaintiff's claim with respect to the proximate cause of its damages."

In Count I, paragraphs (a) and (b) of the prayer of relator's petition, the subject of the dual and inconsistent order which granted DMI judgment as to such claims and struck the paragraphs, relator sought an order setting aside the trustee's foreclosure sale and a mandatory injunction directing DMI to convey the land to plaintiff. Additional sub-paragraphs of the prayer, which remain, encompassed claims for mandatory injunction to compel DMI to perform on its loan agreement and for damages, interest and other relief. The paragraphs ordered stricken from the body of the petition were those which alleged breach by DMI of the project financing agreement and the statement of relator's actual damages and lost profits. Count II of the petition, on which respondent's order granted DMI summary judgment,[3] included by reference Count I allegations supplemented by the contention that DMI's acts were willful, deliberate and malicious. The prayer was for actual and exemplary damages.

The consequence of respondent's order was, therefore, summarily to adjudicate adversely to relator its action to reclaim the foreclosed real estate, to deny relator actual and punitive damages on the claim of DMI's willful breach of the contract and to strip

---

2. Expunction of the lis pendens notices filed January 15 and April 21, 1975 was superfluous as dismissal of the federal court suit from which the notices were generated rendered the notices functus officio. *Tate v. Sanders,* 245 Mo. 186, 149 S.W.2d 485, 490 (1912).

3. DIM's motion for partial summary judgment was not directed specifically to either count of the petition nor did the motion state any ground therefor. Respondent's basis for the award of summary judgment to DMI on Count II is not disclosed by the record.

from the remaining Count I the essential pleaded elements of liability and damages subject, however, to the opportunity to file an amended petition.

Respondent's orders of partial summary judgment contained no findings of fact and, being a partial disposition of the cause, were thereby violative of Rule 74.04(d). While this deficiency in the record presents a substantial impediment to a consideration of relator's contention that respondent exceeded his jurisdiction by entering the orders above, relator here challenges respondent's jurisdiction in the following respects: (a) respondent's orders striking portions of the petition deny relator the benefit of Rules 55.04 and 55.05 establishing minimum standards for pleading; (b) respondent's entry of partial summary judgment was in contravention of factual disputes remaining unresolved; and (c) respondent's order releasing the notice of lis pendens was not supported by a valid final judgment.

■ As to that portion of respondent's order striking portions of relator's pleading allegations, the merits of any question applying Rule 55 are not ripe for appellate review. Whatever may be the factual and legal questions and their resolution which persuaded respondent that relator's petition was deficient, relator yet has the option, as provided in respondent's order, to amend its petition. Relator may accept the opportunity to plead again or may elect to stand on the original allegations. In either event, the merits of the final disposition of all or a severed portion of the cause are reviewable by appeal and not by prohibition. *State ex rel. McCurley v. Hanna,* 535 S.W.2d 107 (Mo. banc 1976); *Crackerneck Country Club, Inc. v. Sprinkle,* 485 S.W.2d 652 (Mo. App.1972).

■ The consequence, however, of respondent's order striking the paragraphs of Count I of relator's petition was, in part,

that colorable substance was thereby created to support respondent's entry of partial summary judgment. Excess of jurisdiction obviously is in issue if, after sustaining a motion to strike and granting leave to amend, the court proceeds to render judgment on the pleadings before the responding party is permitted an opportunity to remedy the deficiency which the court's order created. From the record here, it appears that respondent's orders entered simultaneously accomplished such a result. To the extent the orders to strike bear on the issues of summary judgment, jurisdiction is in issue and will be considered within the well defined limits of relief available in prohibition. *State ex rel. Vogel v. Campbell,* 505 S.W.2d 54 (Mo. banc 1974).

Pending before respondent on motions by DMI were the claim that relator's petition failed to state a cause of action by reason of the absence of any allegation that without default by DMI relator would have completed the project, a request that the notices of lis pendens be released and the motion for summary judgment on the issue of relator's claim to recover the real estate in issue. As briefed, the summary judgment question was limited to the issue of an election of remedies and consequent estoppel resulting from a statutory notice to redeem from the trustee's foreclosure sale filed by relator prior to the sale in which DMI acquired title. (Section 443.410, RSMo 1969).[4]

■ In like manner to the issue of pleading sufficiency in relator's Count I paragraphs, the question of estoppel created by relator's abortive attempt to redeem from the foreclosure sale is a substantive issue on the merits of the case reviewable on appeal. Being possessed of the cause, respondent was within his jurisdiction in ruling the questions of whether relator's petition allegations stated a cause of action and the legal effect of the redemption notice given

---

**4.** An additional issue, the constitutional challenge to the Missouri lis pendens statute as providing for appropriation of a significant property interest without procedural safeguards, has been briefed but abandoned in light of *Home Building Corp. v. Ventura Corp.,* 568

S.W.2d 769 (Mo.1978). The decision there approved the statutory notice of lis pendens as available without the requirement of a hearing on the ground that a significant property interest is not thereby acquired.

by relator at the time of the trustee's sale. The difficulty with respondent's orders, however, apart from the enigmatic dearth of recited factual support, is that they are reciprocally incompatible.

■ Viewed as a whole, relator's petition asked sequential relief in recovery of title to the real estate under development, performance by DMI of the contract obligation for financial support and damages, the latter being not in place of but in addition to the former. Relator's prime objective at all times has been restoration of its title to the land. The notice of lis pendens ordered expunged by respondent is the sole barrier to prospective conveyance of the property to an innocent purchaser for value and extinguishment of relator's equitable claim. Only, therefore, on final judgment adverse to relator's claim can there be any justification for release of the lis pendens notice. 51 Am.Jur.2d *Lis Pendens* Section 32. Respondent's orders, however, do not fully adjudicate the controversy between relator and DMI and the order expunging the lis pendens is premature.

In the present state of the cause before respondent, a one-count petition pends with allegations of DMI's contract breach and relator's damages yet to be supplied in amended form in accordance with respondent's order of August 18, 1978. It may therefore be assumed that respondent anticipated the possibility that these essential elements of the cause of action could be alleged and that leave to file the amended petition was not facetiously granted. Relator's contention has been and presumably will continue to be that its cause of action originated on May 21, 1974 with DMI's contract breach. The possibility therefore remains that at least to the level of issues joined in the pleadings, a factual and legal question to be resolved will be the occurrence of that breach and its consequences.

■ Facially, respondent's order granting partial summary judgment adverse to relator's equitable claim to regain the land foreclosed was based on the effect of the notice to redeem which estopped relator from pursuit of any other equitable remedy.

It is apparent, however, that if relator alleges and proves DMI's breach of the project financing agreement from which the security interest arose, a breach alleged to have occurred some eleven months prior to the foreclosure, then consideration for the subsisting debt and default thereon by relator as a condition to foreclosure will have failed. Valid foreclosure depends on breach by the mortgagor of a condition authorizing foreclosure at the time the foreclosure proceeding was commenced. *Spires v. Lawless*, 493 S.W.2d 65, 70 (Mo.App. 1973). Relator expressly alleges that prior breach by DMI of the financing contract vitiated the right of DMI subsequently to invoke the payment default as a condition empowering foreclosure, and the existence of such unresolved issue is recognized by respondent's order permitting relator to amend its petition with respect to such claim. The orders granting summary judgment and granting leave to file an amended petition are inconsistent and incompatible.

As additional indication of the dilemma posed by the partial summary judgment order which struck paragraphs (a) and (b) of the Count I prayer concurrently with rendering judgment thereon for DMI, that order permitted the succeeding paragraph (c) to remain, presumably to be supported by amendment to the petition allegations for which leave was granted as above noted. Paragraph (c), however, sought a mandatory injunction ordering DMI to perform on its loan agreements to furnish relator funds with which to develop the project on the subject land. The vitality of the loan agreement and any prospective benefit to relator obviously depended entirely on relator's ownership of the real estate, a prospect terminated by the judgment which eliminated from the cause relator's claim to recover the property. Relator therefore was confronted with an order which ostensibly permitted the cause for relief asked in paragraph (c) to stand but which had rendered the issues thereunder moot and which had, by striking the notice of lis pendens, abrogated relator's statutory right to preserve title to the real estate, the primary object of controversy, in status quo.

**58**

While the action of the trial court here in ruling on motions by DMI for partial summary judgment was within the general jurisdiction of the court and within that classification of discretionary acts normally reviewable only by appeal, exceptions exist under particular circumstances where appeal is an inadequate remedy. *State ex rel. Sisters of St. Mary v. Campbell,* 511 S.W.2d 141 (Mo.App.1974); *State ex rel. Smith v. Greene,* 494 S.W.2d 55 (Mo. banc 1973). In *State ex rel. Sisters of St. Mary,* the court made absolute the preliminary writ prohibiting the trial court from overruling a motion for summary judgment where the statute of limitations was a bar to plaintiff's cause. In *State ex rel. Smith,* the writ was found to lie to prohibit the trial court from striking plaintiff's claim for punitive damages where a cause of action for such damages was properly pleaded.

The common thread which joins cases of this nature is the recognition that the discretionary order of the trial court leaves the relator with no effective remedy by appeal and relegates further disposition of the case at the trial level to a foredoomed result. The critical event in the present case is the release from public notice of relator's claim of equitable title. Conveyance of the real estate to an innocent purchaser pending trial of the cause would effectively nullify any opportunity for relator to obtain relief on equitable grounds. So too is the consequence of respondent's order granting relator leave to plead further. Confronted with partial summary judgment which has effectively ruled the substantive issues in the case, further attempts by relator to plead would be patently futile. In so denying relator the opportunity to plead and litigate its cause of action to a final judgment reviewable by appeal and to preserve from alienation pending such final judgment the real estate as the subject of the controversy, respondent exceeded his jurisdiction.

The preliminary writ heretofore issued is therefore made permanent as to respondent's "Order Granting Partial Summary Judgment and Releasing Notices of Lis Pendens" and is ordered quashed as to respondent's "Order Striking Paragraphs 11 and 12 of Plaintiff's Petition With Leave to Amend".

All concur.