**STATE of Missouri ex rel. Paul LEONG, Sr., Petitioner,**

v.

**Captain SMITH, St. Louis City Jail, or any other officer holding Paul Leong, Sr., Respondent.**

**No. 43067.**

Missouri Court of Appeals,
Eastern District,
Division Two.

July 29, 1980.

James E. McDaniel, St. Louis, for petitioner.

Edward C. Vancil, Clayton, for respondent.

REINHARD, Presiding Judge.

This habeas corpus proceeding involves the imprisonment of petitioner for civil contempt of a 1969 child support order. We issued a writ of habeas corpus ordering respondent to make return and ordered petitioner admitted to bail in the meantime.

This proceeding arises out of the following facts. On September 25, 1969, petitioner and Joyce Leong were divorced in the circuit court of the City of St. Louis. The dissolution decree ordered petitioner to pay Joyce Leong child support in the amount of $12.50 per week per child. Thereafter, petitioner became delinquent in his payments. On September 13, 1979, Joyce Leong filed a Motion for Order to Show Cause Why Respondent (petitioner) Should Not Be Punished for Contempt. The trial court granted the Order to Show Cause on September 14, 1979. On February 21, 1980, a hearing was held on the above order as well as on Joyce Leong's motion to modify. Thereaft-

er, on April 28, 1980, the court entered an order which found that: (1) petitioner was $6,400 in arrears in child support to Joyce Leong; (2) petitioner had the financial resources to make such payments; (3) petitioner, as of the date of the order, had assets in his possession with which to make said payments; (4) petitioner was financially able to make the payments; and, (5) Joyce Leong had made reasonable efforts to collect the support due to her by conventional remedies to no avail. The court adjudged petitioner in civil contempt of the prior 1969 child support order and required him to present himself before the court on June 16, 1980 to be imprisoned until said payments [1] were paid.

Pursuant to court order, petitioner presented himself on June 16, 1980 and the trial court signed an order of commitment. On that same day, respondent received petitioner into custody. Concurrently with this imprisonment, petitioner filed a Petition for Writ of Habeas Corpus in this court which we issued on June 16, 1980.

Thereafter, respondent filed a return, petitioner answered, and respondent replied. We established a briefing schedule and the parties orally argued on July 9, 1980. At that time, we ordered petitioner discharged.

The issue presented to us for resolution is whether a person within the State of Missouri may be imprisoned for civil contempt of a child support order entered in 1969. The supreme court cases of *State ex rel. Stanhope v. Pratt*, 533 S.W.2d 567 (Mo.banc 1976) and *Keltner v. Keltner*, 589 S.W.2d 235 (Mo.banc 1979) are decisive of this case. Both cases are alimony cases; however, the respondent conceded in oral argument that their application extended to child support cases.

In *Stanhope*, the supreme court ruled that the trial courts in this state are henceforth empowered to punish by imprison-

ment for contempt a person who failed to pay alimony.[2] Prior to *Stanhope*, an order for the support of another person was a money judgment only, and, as such, imprisoning a delinquent party for nonpayment violated the Missouri Constitution's prohibition against imprisonment for debt.

Three years after *Stanhope*, the Missouri Supreme Court decided *Keltner*. *Keltner* established that *Stanhope's* application was to be prospective only and not retrospective. The supreme court reached this decision by reasoning that prior to *Stanhope*, attorneys relied on a prior rule of law which stated that a party to a divorce proceeding could not be imprisoned for contempt of an alimony order, and that therefore retroactive application would result in great hardship and injustice. *Keltner* establishes that the date an order for support was entered determines whether *Stanhope* will control a given case.

Here, petitioner was imprisoned for contempt of a 1969 child support order. Under *Keltner's* dictate of *Stanhope's* application, petitioner must be discharged. The writ was properly issued.

The petitioner is ordered discharged from custody and his bail bond is therefore discharged.

DOWD and CRIST, JJ., concur.

---

1. The court ordered payment of the $6,400 child support plus interest of $2,400 and court costs.

2. Although *Stanhope* was an alimony case, the language of its holding also included the words "child support": "We have ruled that trial courts are henceforth empowered to punish by imprisonment for contempt the failure of a person to comply with orders for payment of maintenance and *child support*." 533 S.W.2d at 575.