**STATE of Missouri, ex rel., DIVISION OF FAMILY SERVICES, Assignee Diane Falloon Fryor, Assignor, Respondent,**

v.

**Gary FALLOON, Appellant.**

**No. 43561.**

Missouri Court of Appeals,
Eastern District.

Sept. 15, 1981.

Thomas J. Briegel, Union, for appellant.

Victoria S. Schwartz, Michael R. Henry, Child Support Enforcement Unit, Div. of Family Services, Jefferson City, for respondent.

REINHARD, Judge.

Husband appeals from an order of the trial court citing him for civil contempt and sentencing him to jail for failure to pay child support.

The parties' marriage was dissolved on May 20, 1975 with husband being ordered to pay wife child support. Thereafter husband became delinquent in his payments. An effort was made to have husband cited for contempt. After a show cause order had been issued a hearing was held on September 24, 1980. The court found that since August, 1978 husband had paid nothing for support of his children and was in arrears in the amount of $3,745.00; that he had the financial means to make the payments; that wife had made reasonable efforts to collect the support; that husband had wilfully and contumaciously refused to obey the court's continuing order. The

court adjudged husband in civil contempt of the 1975 child support order and ordered his commitment to the Franklin County Jail.

Husband makes several allegations of error, only one of which has merit. We were faced with the same contention in *State ex rel. Leong v. Smith*, 603 S.W.2d 74 (Mo.App. 1980). There the case reached us in a habeas corpus proceeding after the husband had been imprisoned for failure to make child support payments ordered in 1969. We said:

> The issue presented to us for resolution is whether a person within the State of Missouri may be imprisoned for civil contempt of a child support order entered in 1969. The supreme court cases of *State ex rel. Stanhope v. Pratt*, 533 S.W.2d 567 (Mo. banc 1976) and *Keltner v. Keltner*, 589 S.W.2d 235 (Mo. banc 1979) are decisive of this case. Both cases are alimony cases; however, the respondent conceded in oral argument that their application extended to child support cases.
>
> In *Stanhope*, the supreme court ruled that the trial courts in this state are henceforth empowered to punish by imprisonment for contempt a person who failed to pay alimony. Prior to *Stanhope*, an order for the support of another person was a money judgment only, and, as such, imprisoning a delinquent party for nonpayment violated the Missouri Constitution's prohibition against imprisonment for debt.
>
> Three years after *Stanhope*, the Missouri Supreme Court decided *Keltner*. *Keltner* established that *Stanhope's* application was to be prospective only and not retrospective. The supreme court reached this decision by reasoning that prior to *Stanhope*, attorneys relied on a prior rule of law which stated that a party to a divorce proceeding could not be imprisoned for contempt of an alimony order, and that therefore retroactive application would result in great hardship and injustice. *Keltner* establishes that the date an order for support was entered

determines whether *Stanhope* will control a given case.

*Id.* at 75 (footnote omitted).

The Supreme Court rendered its decision in *Stanhope* on March 8, 1976. Since its ruling was subsequent to the May 20, 1975 order here, we must reverse that part of the court's order sentencing husband to jail. This does not affect that part of the court's order finding him in contempt.

Reversed and remanded.

CRIST, P. J., and SNYDER, J., concur.