In re the MARRIAGE OF Linda F. DYCUS and Kenneth H. Dycus.

Linda F. Dycus, Petitioner-Appellant,

and

Kenneth H. Dycus, Respondent.

No. 12204.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 24, 1982.

Linda F. Dycus, Kansas City, pro se.

Richard M. Webster, Joplin, for respondent.

PREWITT, Presiding Judge.

Appellant filed a motion asking the trial court to find respondent guilty of civil contempt because he failed to pay child support and maintenance pursuant to a decree dissolving their marriage entered on August 11, 1975.[1] The trial court entered an order directing respondent to show cause why he should not be held in contempt, and following a hearing, he was not found in contempt. Appellant contends that the trial court erred in making this finding.

On March 8, 1976, the Missouri Supreme Court en banc handed down *State ex rel. Stanhope v. Pratt*, 533 S.W.2d 567. It overruled *Coughlin v. Ehlert*, 39 Mo. 285 (1866) and held "that trial courts are henceforth empowered to punish by imprisonment for contempt the failure of a person to comply with orders for payment of maintenance and child support." 533 S.W.2d at 575. See also *State ex rel. McCurley v. Hanna*, 535 S.W.2d 107 (Mo.banc 1976); *Teefey v. Teefey*, 533 S.W.2d 563 (Mo.banc 1976).

*Keltner v. Keltner*, 589 S.W.2d 235, 236 (Mo.banc 1979), states that "*Stanhope* is not retroactive and cannot be used as authority for imprisoning a person for civil contempt for failing to pay an alimony award entered prior to this Court's decision in *Stanhope*". *Keltner* prevents the imprisonment of a party for contempt of court because of noncompliance with orders requiring the payment of maintenance or child support entered before *Stanhope*. *State ex rel. Leong v. Smith*, 603 S.W.2d 74, 75 (Mo.App.1980).

■ *Keltner* would prevent any contempt finding here, even if the punishment was something less than imprisonment. It states that *Coughlin v. Ehlert*, supra, "stood for the proposition that an obligor under a divorce decree could *not* be held in contempt for failure to pay alimony." 589 S.W.2d at 240. As this decree was entered before March 8, 1976, *Coughlin* is still applicable to it, and respondent cannot be held in contempt for failing to make maintenance and child support payments according to that decree.

We are mindful that the decrees terminating the marriages in *Stanhope, McCurley* and *Teefey* were entered prior to the decree dissolving the marriage here and that in those cases the supreme court indicated that imprisonment for civil contempt might be proper. However, we are bound by the later decision in *Keltner*.

■ Appellant also contends that the trial court erred because it did not rule on the validity of a property settlement agreement entered into by the parties after the dissolution decree. At the contempt hearing appellant asked the trial judge to rule on the effect of the agreement on respondent's obligation to pay child support, but the judge declined to rule. Had defendant been held in contempt, such a ruling might have been required in order to determine the amount due. However, as defendant could not have been held in contempt here, no ruling on the validity of the property settlement agreement was necessary for the

---

1. The motion appeared to be a request for the court to exercise its inherent power to adjudicate civil contempt, see *State ex rel. McCurley v. Hanna*, 535 S.W.2d 107 (Mo. banc 1976) and was not brought pursuant to § 452.345, RSMo 1978.

trial court to reach the correct result. Thus, there was no error.

The judgment is affirmed:

MAUS, C. J., and BILLINGS, J., concur.