

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

U.S. BANK TRUST, N.A., TRUSTEE,   )
   )
                 Respondent,   )
   )   **WD86866**
v.   )
   )   **OPINION FILED:**
   )   **November 5, 2024**
   )
DANNY B. PRATTE, et al.,   )
   )
                 Appellants.   )

**Appeal from the Circuit Court of Boone County, Missouri**
**The Honorable Joshua C. Devine, Judge**

**Before Special Division:** Alok Ahuja, Presiding Judge,
Mark D. Pfeiffer and W. Douglas Thomson, Judges

Mr. Danny B. Pratte and Mrs. Quinn M. Pratte ("Prattes") appeal the judgment of

the Circuit Court of Boone County, Missouri ("trial court"), denying their motion to

vacate the trial court's grant of summary judgment regarding a claim for foreclosure in

favor of U.S. Bank Trust National Association ("U.S. Bank"). Because U.S. Bank relied

solely on inadmissible hearsay in its statement of uncontroverted material facts to support

an essential element of its claim, we reverse and remand for further proceedings consistent with today's ruling.

## Factual and Procedural History[1]

U.S. Bank, the holder of the Prattes' home mortgage, filed its petition for foreclosure in 2023, alleging the Prattes defaulted on the mortgage when they stopped making mortgage payments in December 2019. U.S. Bank attached several exhibits to this petition, documenting: (1) the Prattes' deed to the property; (2) the mortgage agreement and subsequent deed of trust; (3) the extensive chain of transfers of the mortgage note, which ended with transfer to U.S. Bank; and (4) several tax and judgment creditor liens on the property.[2] None of the attached documents, however, demonstrated the Prattes had missed any payments on the mortgage.

In their *pro se* Answer, the Prattes denied missing their mortgage payments and, instead, claimed U.S. Bank had prevented them from making regular payments. U.S. Bank then moved for summary judgment, attaching all of the exhibits from its petition to its Statement of Uncontroverted Material Facts ("SUMF"), along with an affidavit ("Affidavit") from an affiliate entity's document execution specialist claiming to be an

---

[1] "The record below is reviewed in the light most favorable to the party against whom summary judgment was entered, and that party is entitled to the benefit of all reasonable inferences from the record." *Green v. Fotoohighiam*, 606 S.W.3d 113, 115 (Mo. banc 2020) (quoting *Goerlitz v. City of Maryville*, 333 S.W.3d 450, 453 (Mo. banc 2011)).

[2] The petition also requested that U.S. Bank's mortgage be declared the senior most lien and that the Prattes be declared the sole owners of the property with their interest subject to the mortgage. In an unchallenged portion of the judgment below that is irrelevant to this appeal, the trial court granted U.S. Bank's requested declarations.

attorney in fact for U.S. Bank ("Bank Representative").[3]  In the Affidavit, Bank

Representative stated:

> 1.  . . . .  I have reviewed the business records and loan file related to the loan and foreclosure that are the subject of this action.  I have personal knowledge as to the facts herein *based upon my review of the record and the loan documents*.  The following representations are true and correct to the best of my knowledge.
>
> . . . .
>
> 30.  Danny B. Pratte and Quinn M. Pratte are in default under the terms of the Note by failing to make monthly payments to [U.S. Bank].
> 31.  According to the Note, the amount due each month is $2,019.36.
> 32.  Demand has been made and the loan has been duly accelerated.
> 33.  Plaintiff has performed its obligations under the Note and Deed of Trust.
> 34.  Defendants, Danny B. Pratte and Quinn M. Pratte defaulted in their obligations under the Promissory Note and Deed of Trust on or about December 2019 and as of April 19, 2023 owe $303,532.78.

(Emphasis added).  U.S. Bank *did not* attach the business records referenced in the

Affidavit that purportedly memorialized the Prattes' missed payments.  In their

responsive SUMF, the Prattes again denied that they failed to make their mortgage

payments.

The trial court granted summary judgment for U.S. Bank without detailed

elaboration, foreclosing the property and ordering the Prattes to pay any remaining

deficiency on the mortgage following the foreclosure sale.  An attorney then entered an

appearance on the Prattes' behalf and filed a motion to vacate the grant of summary

---

[3] Pursuant to the directive of section 509.520 (Supp. III 2023), we do not use any witness names in this opinion, other than parties to the underlying litigation.  All statutory references are to THE REVISED STATUTES OF MISSOURI (2016), as supplemented through June 6, 2023, unless otherwise indicated.

judgment, arguing U.S. Bank failed to properly support its SUMF assertion that the Prattes missed their mortgage payments because the Affidavit was based only on Bank Representative's review of the loan file, not personal knowledge, and thus, was inadmissible hearsay. The trial court denied the motion to vacate.

The Prattes timely appealed the judgment, raising two points on appeal. In Point I, they argue, as below, that U.S. Bank failed to establish a prima facie case for summary judgment because the Affidavit proving the Prattes' default was inadmissible hearsay. In Point II, the Prattes contend summary judgment was improper because they created a genuine dispute of material fact by properly denying U.S. Bank's assertion that they failed to make their payments.

**Standard of Review**

"We review the grant of summary judgment *de novo*." *Cox v. Callaway Cnty. Sheriff's Dep't*, 663 S.W.3d 842, 847 (Mo. App. W.D. 2023) (citing *Show-Me Inst. v. Off. of Admin.*, 645 S.W.3d 602, 607 (Mo. App. W.D. 2022)). "Summary judgment is only proper if the moving party establishes that there is no genuine issue as to the material facts and that the movant is entitled to judgment as a matter of law." *Green v. Fotoohighiam*, 606 S.W.3d 113, 115 (Mo. banc 2020) (quoting *Goerlitz v. City of Maryville*, 333 S.W.3d 450, 452 (Mo. banc 2011)). When a party moves for summary judgment:

> A statement of uncontroverted material facts shall be attached to the motion. The statement shall state with particularity in separately numbered paragraphs each material fact as to which movant claims there is no genuine issue, with specific references to the pleadings, discovery, exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts.

4

Rule 74.04(c)(1).[4]

> Once a trial court determines that the movant's Rule 74.04(c)(1) motion for summary judgment demonstrates a prima facie showing of movant's right to judgment, the trial court *then, and only then*, turns to the non-movant's denials in the non-movant's Rule 74.04(c)(2) response to determine if the non-movant has demonstrated that "one or more of the material facts shown by the movant to be above any genuine dispute is, in fact, genuinely disputed." For each material fact the non-movant claims is genuinely disputed and therefore defeats the movant's prima facie showing of a right to judgment, the non-movant must direct the trial court to a particular numbered paragraph in movant's statement of uncontroverted material facts that is denied in the non-movant's response. The trial court then considers the movant's specific references in that numbered paragraph to the pleadings, discovery, exhibits, or affidavits attached to the movant's statement supporting the existence of that material fact; considers the non-movant's specific references to the discovery, exhibits, or affidavits attached to the response supporting the non-movant's denial of that material fact; and then compares the two sets of specifically referenced evidence to ascertain the existence of a genuine issue as to that particular numbered paragraph material fact. *Rule 74.04 does not authorize the trial court to consider any other evidence as to whether a genuine issue exists as to that particular numbered paragraph material fact.*

*Cox*, 663 S.W.3d at 849 (emphasis added) (quoting *Great S. Bank v. Blue Chalk Constr.*, 497 S.W.3d 825, 833-34 (Mo. App. S.D. 2016)). "If the non-movant does not properly deny a statement of fact, that fact is deemed admitted." *Bracely-Mosely v. Hunter Eng'g Co.*, 662 S.W.3d 806, 810 (Mo. App. E.D. 2023) (citing Rule 74.04(c)(2)). "Our review of summary judgment is limited to the undisputed material facts established in the process set forth in Rule 74.04(c); *we do not review the entire trial court record.* We look *exclusively* to the step-by-step procedure mandated by Rule 74.04 to determine whether there is a genuine issue of material fact." *Id.* (internal citations omitted).

---

[4] All rule references are to I MISSOURI COURT RULES – STATE 2023.

To successfully make a prima facie case, a plaintiff moving for summary judgment on a claim must adequately support facts demonstrating every element of that claim. *Rodgers v. Threlkeld*, 22 S.W.3d 706, 709 (Mo. App. W.D. 1999) (citing *ITT Com. Fin. Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 381 (Mo. banc 1993)) ("[T]o make a *prima facie* case for summary judgment on their claim to quiet title based on adverse possession, the respondents were required to show with undisputed facts, using the pleadings, discovery and/or affidavits, each and every element of their claim, entitling them to judgment thereon as a matter of law.").

**Point I**

To be entitled to foreclosure on a property, the mortgagee must demonstrate that the mortgagor defaulted on the mortgage agreement. *State ex rel. Leverage Inv. Enters., Ltd., v. Yeaman*, 581 S.W.2d 53, 57 (Mo. App. W.D. 1979) ("Valid foreclosure depends on breach by the mortgagor of a condition authorizing foreclosure at the time the foreclosure proceeding was commenced."); *see also Grisham v. Mission Bank*, 531 S.W.3d 522, 534 (Mo. App. W.D. 2017); *Fields v. Millsap & Singer, P.C.*, 295 S.W.3d 567, 571 (Mo. App. W.D. 2009). Here, U.S. Bank's lone assertion of default was the Prattes' purported failure to make their mortgage payments since December 2019. Therefore, to establish a prima facie case for summary judgment, U.S. Bank was required to support its SUMF contention that the Prattes missed their payments with citations to evidence in a form recognized by Rule 74.04.

6

To support its SUMF claim that the Prattes missed their mortgage payments, U.S. Bank cited to its own Petition, the terms of the original mortgage contract, and the Affidavit:

> 29. Danny B. Pratte and Quinn M. Pratte are in default under the terms of the Note by failing to make monthly payments to [U.S. Bank] for the months of December 2019 to the present. (*Plaintiff's Petition at ¶40, Plaintiff's Affidavit at ¶30, see Exhibit B*)
>
> . . . .
>
> 33. As sworn in paragraph 34 of the Affidavit attached hereto as Exhibit "1," Defendants, Danny B. Pratte and Quinn M. Pratte defaulted in their obligations under the Promissory Note and Deed of Trust on or about December 2019 and as of April 14, 2023 owe $303,532.78.

Of these cited materials, the Affidavit was the sole evidence that could possibly demonstrate the Prattes' missed payments.[5] Therefore, if the Affidavit was not valid evidence of the missed payments, U.S. Bank cannot support its assertion of the Prattes' default—an essential element of its foreclosure claim—and, thus, cannot establish a prima facie case for summary judgment.

---

[5] The original mortgage contract only contains the terms of the mortgage payments, not an account of whether the payments were made. The referenced portion of U.S. Bank's petition is a bare allegation of the Prattes' default and, thus, cannot support a material fact in U.S. Bank's motion for summary judgment. *Bilyeu v. Vaill*, 349 S.W.3d 479, 482 (Mo. App. S.D. 2011) (citing *Butler v. Tippee Canoe Club*, 943 S.W.2d 8323, 324 (Mo. App. E.D. 1997)) ("Citing to their own First Amended Petition, albeit verified, in support of their statement of uncontroverted fact, was insufficient for Respondents to prove their assertions in the present matter."); *see also Martin v. City of Washington*, 848 S.W.2d 487, 491 (Mo. banc 1993) ("The purpose of summary judgment is to move the parties beyond the bare allegations in *their pleadings* and to determine if a dispute in fact exists for trial.").

Although Rule 74.04(c) recognizes that affidavits can serve as valid support for a party's SUMF, Rule 74.04(e) requires that these "affidavits *shall be made on personal knowledge*, shall set forth such facts as would be admissible in evidence . . . . Sworn or certified copies of all *papers or parts thereof referred to in an affidavit shall be attached* thereto or served therewith." (emphasis added). On facts almost identical to those before us, the Eastern District of this Court held that an affidavit based solely on a review of business records—where the business records were not attached to the SUMF—was not based on personal knowledge, constituted inadmissible hearsay, and thus, could not support a prima facie showing of entitlement to summary judgment. *Gateway Metro Fed. Credit Union v. Jones*, 603 S.W.3d 315, 323 (Mo. App. E.D. 2020).

There, Gateway moved for summary judgment in its suit to collect on an unpaid promissory note. *Id.* at 318-19. As its sole evidence to support the amount of the unpaid balance—an essential element of Gateway's claim—Gateway presented the affidavit of its Vice President of Risk Management, which swore to the following:

> 3. Gateway's records include a physical loan file and a computer database of acts, transactions, payments . . . . The information described herein and referenced below is found in the [*sic*] Gateway's business records. The entries in those records are made . . . by people with such first-hand knowledge. . . . Based upon my review of those records, I have gained knowledge of the facts set forth herein, and if called upon to testify as a witness, I could competently do so under the penalty of perjury.

*Id.* at 320 (alteration in original). Gateway did not attach the business records referenced in the Vice President's affidavit to its SUMF. *Id.* Determining the affidavit did not comply with Rule 74.04(e), the *Gateway* court rejected it as inadmissible hearsay:

8

> While an affidavit need not contain a particular "magic phrase" in order to establish that it is made on personal knowledge, the averments should still demonstrate that the affiant has personal knowledge of the matters contained in the affidavit. On the other hand, "[a]n affidavit which relates information gained from other documents relates hearsay, not such facts as would be admissible in evidence, and is not sufficient to support a motion for summary judgment."
>
> . . . .
>
> We find these statements do not sufficiently establish that Ellison has personal knowledge or that she is competent to testify to the matters contained in her affidavit, and as such, the affidavit does not satisfy the requirements of Rule 74.04(e). While Ellison avers that she has gained knowledge of the facts set forth in her affidavit, it is clear from the first three paragraphs of her affidavit that her knowledge has come exclusively from the business records of Gateway that she reviewed. However, rather than attach the records containing the information Ellison relays, Gateway submitted only this affidavit. Because it contains information gained from records, rather than Ellison's personal knowledge, it relates hearsay and does not sufficiently support a motion for summary judgment.

*Id.* at 319-20 (alteration in original) (citations and footnotes omitted). Because

Gateway's sole support for an essential element of its claim was the Vice President's

non-compliant affidavit, it failed to establish a prima facie case for summary judgment;

hence, the *Gateway* court reversed the trial court's grant of summary judgment:

> The Ellison affidavit does not establish that Ellison had personal knowledge of the matters discussed in her affidavit, but rather contains hearsay in that Ellison stated she gained her knowledge of the facts solely through Gateway's business records. The affidavit alone, therefore, does not satisfy the requirements of Rule 74.04(e) and should not have been considered by the trial court. Without the affidavit, Gateway failed to establish an element of its claim, and thus failed to make the prima facie showing of entitlement to judgment as a matter of law under Rule 74.04. As such, summary judgment on Gateway's suit on note was inappropriate.

*Id.* at 323.

The *Gateway* court also noted that the prima facie requirements under Rule 74.04 are *not* dependent upon a proper response from the non-movant:

> Gateway's argument that [non-movant] did not properly respond to the motion for summary judgment with opposing affidavits, and therefore admitted the factual allegations in Gateway's motion regarding the balance, is misplaced. "Until the [movant] meet[s] [his or her] burden under Rule 74.04(c) . . . , [the non-movant] does not have to show anything." *Williams v. Hubbard*, 455 S.W.3d 426, 435 (Mo. banc 2015).

*Id.* at 322. *See also Kinnaman-Carson v. Westport Ins. Corp.*, 283 S.W.3d 761, 765 (Mo. banc 2009) ("The trial court is prohibited from granting summary judgment, even if no responsive pleading is filed in opposition to a summary judgment motion, unless the facts and the law support the grant of summary judgment."); *Jobe v. AAA Trailer Services, Inc.*, 544 S.W.3d 306, 309 (Mo. App. E.D. 2018) (same).

Here, although Bank Representative claims to have personal knowledge of the Prattes' non-payments, the Affidavit's statement, "I have personal knowledge as to the acts herein *based upon my review of the record and the loan documents*," makes clear these statements are entirely derivative of Bank Representative's review of U.S. Bank's records, not first-hand personal knowledge. Just as in *Gateway*, this derivative knowledge renders that portion of the Affidavit hearsay and inadmissible under Rule 74.04(e).[6] Because U.S. Bank failed to attach any records properly qualified as business

---

[6] U.S. Bank could have relied on these referenced bank records to prove the Prattes' missed payments by simply attaching copies of them to its SUMF and including an affidavit laying sufficient foundation to demonstrate the records qualify as business records: "In such a case, if the documents themselves qualify as business records, a party may submit them through use of a business records affidavit to avoid any hearsay issue." *Gateway Metro Fed. Credit Union v. Jones*, 603 S.W.3d 315, 320 (Mo. App. E.D. 2020); *U.S. Bank v. Molk*, 618 S.W.3d 652, 662 n.8 (Mo. App. E.D. 2021) ("Distinguishable in

records (and not subject to the hearsay exclusion) of the missed payments referenced in the Affidavit and cited no other valid support to prove that fact in its SUMF, it has failed to adequately support the factual basis for the Prattes' alleged default. Because U.S. Bank has not carried its initial burden of establishing a prima facie case for summary judgment, its claim for summary judgment fails without consideration of the Prattes' responsive SUMF.[7]  The trial court's grant of summary judgment was, therefore, erroneous.

Point I is granted.

Because Point I is dispositive, we need not and do not address Point II.

## Conclusion

The judgment of the trial court is reversed and remanded for proceedings consistent with this opinion.

_____
Mark D. Pfeiffer, Judge

Alok Ahuja, Presiding Judge, and W. Douglas Thomson, Judge, concur.

---

this case is that exact copies of the subject business records were attached to Meyer's affidavit and that Meyer stated in his affidavit that he was familiar with the facts therein from his review of those business records and his personal knowledge.  Our Court's opinion in *Gateway* certainly indicates that a valid business records affidavit that has the required records or copies of such attached meets the requirements of Rule 74.04(e) and sufficiently supports a motion for summary judgment, as is the case here.").

[7] Because we do not consider the Prattes' responsive SUMF, any of U.S. Bank's claims that it was deficient procedurally or substantially are irrelevant to today's ruling.

11